PORTER-MALLARD *Co., et al.,* v. J. D. DUGGER.

157 So. 429.
Opinion Filed October 30, 1934.
Rehearing Denied November 23, 1934.

*Alexander & McCauley,* for Appellants;
*W. B. Cone* and *Cone & Chapman,* for Appellee.

PER CURIAM.—This is an appeal from a final decree in favor of appellee rendered in an equity suit brought by appellee to enjoin the sale, under writ of execution under a judgment obtained in 1915 by the Appellant, Porter-Mallard Company, against one J. A. Rowe, the grantor of the complainant, Dugger, of a house and land alleged by complainant to have been, at the time of the conveyance in 1924 to complainant, the homestead of the said grantor, J. A. Rowe, and therefore exempt from execution sale as provided in Section 1, Article X, Constitution of Florida.

Rowe acquired the title to the land in controversy by deed dated October 15, 1920, and recorded his deed on July 29, 1921. The Porter-Mallard Company judgment was obtained in Duval County and was recorded in Baker County in the foreign judgment record on October 14, 1915. The lien of the judgment attached to the property *eo instanti* the acquisition of title to it by Rowe, and the fact that Rowe later made it his homestead, and that it was undoubedly Rowe's homestead in 1924 when he conveyed it to Dugger, did not defeat the already acquired judgment lien on it growing out of the record of the Porter-Mallard Company's judgment in 1915, some nine years prior to the conveyance to Dugger, and prior to its conversion into a homestead by Rowe.

The lien of a judgment at law attaches to and binds the

real estate of the defendants therein acquired subsequent to the rendition or recording thereof. Harrison v. Roberts, 6 Fla. 711. As against a judgment creditor a piece of land with no house upon it cannot be claimed as a homestead, although the claimant has made preparations for building and moving into a home thereon. Drucker v. Rosenstein, 19 Fla 191; Matthews v. Jeacle, 61 Fla. 686, 55 Sou. Rep. 865; Pasco v. Harley, 73 Fla. 819, 75 Sou. Rep. 30; First Natl. Bank of Chipley v. Peel, 107 Fla. 413, 145 Sou. Rep. 177. The case of Milton v. Milton, 63 Fla. 533, 58 Sou. Rep. 718, is not in conflict with, nor was its effect to overrule the earlier cases that were decided on materially different facts.

Reversed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.