**L. B. GIDDENS, et al., v. MRS. A. H. McFARLAN, a widow**

10 So. (2nd) 807
January 8, 1943
Rehearing Denied January 29, 1943

June Term, 1942
Division B

*Earl D. Farr,* for appellants.

*Wm. C. McLean* and *McKay, Macfarlane, Jackson & Ferguson,* for appellees.

THOMAS, J.:

It seems important to give at the outset analyses of the pleadings forming the issues upon which this controversy was tried.

The bill of complaint, filed in 1941, sought to have certain property subjected to levy and sale to satisfy plaintiff's judgment. Among the defendants were the Giddens, The Punta Gorda State Bank and the Crowleys.

As a basis for relief plaintiff alleged the recovery of a judgment against L. B. Giddens in Hillsborough County, in 1929, certified transcript of which was recorded in Charlotte County two days later. Fieri facias was issued the day the transcript was filed and the sheriff thereupon made his levy, advertising the property for sale the following September. A few days before the sale was to be held the debtor delivered to the officer a notice, under oath, that the property was his homestead. The sale was halted and the judgment has not been paid. Then there appeared the allegations which we will presently quote. As to the defendants other than the Giddens, they were said to have some right in the property inferior to that of plaintiff.

Separate answers were filed by the Giddens, the bank and the Crowleys. Defenses common to all of them were acquiescence on the part of the plaintiff and the homestead status of the property continuously since some time before the recordation of the transcript. The Crowleys alleged the purchase of part of the property in 1940 and its subsequent

improvement at great expense. From their answer and the bank's it appears that the former executed a mortgage on the part of the original tract they purchased and that the latter is now the assignee.

A master reported the testimony without findings and the chancellor granted full relief.

There are three questions presented by the appellants which merit discussion and determination. The first one raises the propriety of the court's order denying the motion to dismiss because of the allegations of the bill of complaint with reference to the homestead character of the property. The sole averments on this subject are "That on the 27th day of June, 1929, the defendant, L. B. Giddens, *had not* occupied said real estate as a real place of residence and as the home of himself and his family" and "That any alleged acquisition of *homestead rights* in said property by the defendant, L. B. Giddens, subsequent to the 27th day of June, 1929, *was afterwards abandoned* by the failure of the defendant, L. B. Giddens, to occupy said real property as the home of himself and his family." (Italics supplied)

Construing these allegations against the pleader we think that they were insufficient positively to allege that the property in question was not actually homestead on the day the judgment became a lien and that they were too indefinite with reference to the subsequent establishment and abandonment of a homestead. The motion to dismiss was well taken. In view, however, of the disclosure in the record that there was an exhaustive inquiry into all those matters which would have been presented by stronger allegations, it seems to us that the appellants have suffered no harm because of the denial of a motion to dismiss.

Our examination leads us to the conclusion that but two points remain for our decision, namely, laches on the part of the plaintiffs and the status of the property as a homestead at times material to the controversy. Voluminous testimony was taken relative to the latter phase of the litigation and we cannot but hold it sufficient to support the chancellor's finding. There is ample evidence for the chancellor to have decided that the homestead rights had not attached to the

284

land at the time of the entry of the judgment and, in fact, that the property never was actually the homestead of the Giddens.

Having this conviction it seems to us that the defendants failed in their attempt to defeat the plaintiffs' claim on the ground of laches. The judgment became a lien on the property in question at the time of the recordation of the transcript and under the statute was enforcible for a period of twenty years. Pasco v. Harley, 73 Fla. 819, 75 So. 30.

It is difficult to see how in the circumstances the plaintiffs could have been charged with laches. The chancery court was open for the entertainment of a bill such as was filed by the plaintiffs, Section 5791, C. G.' L., 1927 (Section 222.10, Florida Statutes, 1941), and we think it is a fair construction of the statute that this remedy was available to plaintiffs so long as their judgment continued as a lien and was enforcible. Certainly at the time the Crowleys purchased their property and at the time the bank became the assignee of a mortgage on it they had constructive notice of the judgment. They could have advised themselves of the true use of the property and, in view of what has developed in the testimony, they certainly would have discovered that the purchase of it would be accompanied by great risk. See Bigelow v. Dunphe, 143 Fla. 603, 197 So. 328.

Affirmed.

BROWN, C. J., TERRELL, and CHAPMAN, JJ., concur.

10 So. (2nd) 809                                    June Term, 1942
January 8, 1943                                        Division B