223 So.2d 727 (1969)
AETNA INSURANCE COMPANY, Petitioner,
v.
Kathleen LaGASSE, Respondent.
No. 37821.
Supreme Court of Florida.
May 14, 1969.
As Amended on Denial of Rehearing June 11, 1969.
Richard V. Harrison, Venice, of Snyder, Hazen, Isphording & Harrison, for petitioner.
Charles J. Cheves, Jr., Punta Gorda, of Wotitzky, Wotitzky, Schoonover & Cheves, for respondent.
*728 DREW, Justice.
The petitioner, Aetna Insurance Company, obtained a final decree in the circuit court holding that the lien of its $91,500 judgment against the respondent LaGasse and others, recorded in 1961, was entitled to priority over her claim of homestead. She claimed exemption of property which she inherited as the only child of her parents, upon the death of her father in April, 1965, and her mother, September 8, 1965. On appeal the decree was reversed, the court holding that the respondent debtor had a right to exemption because "the judgment could not have been a lien on the property itself until title vested in" the judgment debtor upon the death of her mother in September, 1965, and that the homestead right accrued at least concurrently.
The material facts are stated at length in the opinion on appeal, 213 So.2d 454. The respondent was separated from her husband when her father died in April 1965, at which time she acquired the vested remainder and her mother a life tenancy in the property which had been her father's homestead. According to the opinion, she had by June 1965 abandoned her marital residence and moved with her child into the parental home to care for her invalid mother, who was completely disabled by terminal cancer. The court found that respondent ran the household and, because her mother was physically and financially dependent on her, was the head of a family at that time without regard to her marital status.
On these facts the appellate court held that petitioner's recorded judgment did not become "a lien on the property itself until title vested in * * * the judgment debtor" at the death of her mother, the life tenant.[1] The court found that petitioner's claim of priority based on its recorded judgment lien accruing against the debtor's vested remainder interest, acquired by her at her father's death in April 1965, was "wholly immaterial" because "nothing was done by Aetna to enforce the judgment until after the mother's death."[2] The writ of certiorari has issued on the ground of conflict between this decision and previous cases holding that the title in fee vests in a remainderman rather than a life tenant who has only a right of possession of real property;[3] and that under our law a prior recorded judgment creates a lien, eo instanti upon the debtor's acquisition of title to land, superior to a right of homestead exemption accruing before levy is attempted.[4]
In view of the conceded fact that a remainder interest in real property is subject to levy,[5] we are unable to follow respondent's contention that such a vested remainder is not, prior to termination of the life tenancy, an interest in "real estate" to which a lien may attach under our statute.[6] This reasoning, in our opinion, constitutes no basis for rejecting application of the rule of numerous decisions holding homestead property subject to levy under judgments recorded prior to the time such property became the homestead of the judgment debtor.[7] Certainly our decisions do not characterize a vested remainder as anything other than an interest in real property.
Assuming attachment of a lien at the time this vested remainder interest was acquired by respondent, the pleading and *729 proof in this case present no grounds whatever for invoking the doctrine of estoppel for failure to levy during the brief period prior to death of the life tenant. Respondent presents no other rationale or authority in support of the contention that petitioner either acquired no lien until the death of her mother, the life tenant, or that merger of the present and future interests at that time made the prior lien subordinate.
Petitioner does not question the rule according priority to a homestead right "if the homestead right and the lien attach simultaneously, as in the case of a purchase or inheritance of land by a judgment debtor * * *."[8] That principle is inapplicable in the present case, however, because at the death of respondent's father, when she became vested with the remainderman's title to which the prior recorded judgment lien attached, her surviving mother had the right of occupancy and use essential to a homestead claim:
"By great weight of precedent a claim of homestead may not attach to either vested or contingent future estates or interests in land, because a remainder expectant upon cessation of a preceding estate creates no present right to possession * * * the chancellor ruled correctly in holding that the remainder interest of appellants in the land in question is subject to levy."[9]
Respondent's alternative argument here is that she did in fact occupy the property and care for her dependent mother when her father died, and that the particular circumstances were sufficient to give her a possessory right sufficient to support a homestead exemption claim by her as head of the family at that time. The uniform view of the courts in similar situations, however, has been that consent by a life tenant to a remainderman's occupancy does not divest the life tenant of a paramount present interest.[10] The record here presents no reasonable basis upon which any conveyance of a present interest to respondent can be found.
The decision is reversed and the cause remanded with directions for reinstatement of the decree for the plaintiff Aetna in the trial court.
THORNAL, ADKINS, BOYD and CALDWELL (Retired) JJ., concur.
ROBERTS, J., dissents with Opinion.
ERVIN, C.J., dissents with Opinion and concurs with ROBERTS, J.
ROBERTS, Justice (dissenting).
The concept of exempting the homestead occupied by the head of a family was clearly expressed by the people in Section 1, Article X, Constitution of Florida (1885), F.S.A. when they said:
"A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, * * *." (Emphasis added.)
*730 The same concept was brought forward and strengthened by the people in the 1968 Constitutional Revision in this language:
"SECTION 4 [Article X] Homestead; exemptions.
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, obligations contracted for house, field or other labor performed on the realty, the following property owned by the head of a family:
(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family;
* * *." (Emphasis added.)
The humane reasons for this protection of the home against general creditors have been announced many times. The respondent LaGasse was head of a family composed of herself and an infant child. She has a judgment creditor who seeks to levy on a homestead owned and occupied by her. In my opinion, Section 1, Article X, Florida Constitution 1885, and Section 4, Article X, Florida Constitution as Revised 1968, clearly prohibit the levy of execution. I therefore respectfully dissent.
ERVIN, C.J., concurs.
ERVIN, Chief Justice (dissenting):
I concur with Justice ROBERTS in his dissent, but state in addition thereto that the reasoning and conclusions of law announced by the District Court of Appeal appear properly dispositive of the issues presented.
Furthermore, Section 2 of Article X, State Constitution (1885), provides homestead exemption "shall inure to the widow and heirs of the party entitled to such exemption." (Emphasis supplied.) Respondent and her mother (widow) simultaneously inherited a vested remainder and life estate, respectively, in the homestead property and were possessed of it together.
ROBERTS, J., concurs.
NOTES
[1] LaGasse v. Aetna Ins. Co., Fla.App. 1968, 213 So.2d 454, 459.
[2] Ibid., p. 457.
[3] Kingsley v. Broward, 19 Fla. 722.
[4] Porter-Mallard Co. v. Dugger, 117 Fla. 137, 157 So. 429. See also Pasco v. Harley, 73 Fla. 819, 75 So. 30; First Nat'l Bank of Chipley v. Peel, 107 Fla. 413, 145 So. 177; Giddens v. McFarlan, 152 Fla. 281, 10 So.2d 807; Abernathy v. Gruppo, Fla.App. 1960, 119 So.2d 398.
[5] Anemaet v. Martin-Senour Company, Fla.App. 1959, 114 So.2d 23.
[6] Sec. 55.10, F.S., 1963, F.S.A.
[7] Note 4, supra.
[8] Quigley v. Kennedy & Ely Ins., Inc., Fla. 1968, 207 So.2d 431, 433. See also Milton v. Milton, 63 Fla. 533, 58 So. 718; Pasco v. Harley, note 4, supra. 26 Am.Jur., Homesteads, Sec. 101, p. 64.
[9] Anemaet v. Martin-Senour Company, note 5, supra, 114 So.2d, p. 27.
[10] "For the reason that land held in remainder is not susceptible of that immediate occupancy which is contemplated by law in order to support a claim of homestead, a homestead may not be claimed therein by the remainderman; and the same rule applies where the remainderman occupies the premises during the life of the life tenant by the latter's permission." (e.s.) and: Anno. 89 A.L.R. 523.