In re Dwight H. OWEN, Debtor.

**Dwight H. OWEN, Plaintiff–Appellant,**

v.

**Helen OWEN, Defendant–Appellee.**

**No. 88–3499.**

United States Court of Appeals, Eleventh Circuit.

July 11, 1989.

Roger L. Fishell, Sarasota, Fla., for plaintiff-appellant.

John R. Shuman, Clearwater, Fla., for defendant-appellee.

Before POWELL*, Associate Justice (Retired), United States Supreme Court, RONEY, Chief Judge, and TJOFLAT, Circuit Judge.

RONEY, Chief Judge:

In this case, both the bankruptcy court and the district court concluded that 11 U.S.C.A. § 522(f) of the Bankruptcy Code did not permit a debtor to avoid a judicial lien on Florida homestead property when state law creating the homestead exemption would permit the lien to be enforced. We affirm.

The facts are not in dispute. The dates are important to show that the lien was effective prior to the date the debtor obtained homestead status for the property. Creditor Helen Owen obtained a final judg-

---

* Honorable Lewis F. Powell, Jr., Associate Justice of the United States Supreme Court, Retired, sitting by designation.

1. Section 522(f) provides in relevant part:

ment against debtor Dwight Owen in Manatee County Circuit Court on December 1, 1975, and a certified copy was recorded in the Sarasota County Public Records on July 29, 1976. Such a recorded judgment becomes a lien upon real property thereafter acquired by the judgment debtor, unless the property is exempt from all judgment liens. *B.A. Lott, Inc. v. Padgett,* 153 Fla. 304, 14 So.2d 667 (1943); *Porter–Mallard Co. v. Dugger,* 117 Fla. 137, 157 So. 429 (Fla.1934).

In November 1984, the debtor bought a condominium unit in Sarasota County. At the time of the purchase, the debtor was not entitled to a homestead exemption from judgment liens under Article 10, Section 4 of Florida's constitution, because the section then allowed the exemption only to the "head of a family." An amendment to this section, allowing the exemption for "a natural person," did not become effective until January 8, 1985. Thus, at the time of the purchase, the judgment lien attached to the property.

The debtor filed a Chapter 7 bankruptcy petition in January 1986 and claimed the condominium as Florida homestead property, exempt from administration by the bankruptcy court. Under Florida law, constitutional homestead property is exempt from the claims of creditors not secured by a lien on the property. *See* Fla.Stat. § 222.20; Fla. Const. art. 10, § 4. The bankruptcy court, in an August 13, 1986 order, allowed the property to be exempt from general administration by the trustee, but specifically did not decide whether Helen Owen's judgment lien against the property would be enforceable.

The debtor was discharged on May 13, 1986. In April 1987, however, the debtor was given permission to reopen the bankruptcy case pursuant to 11 U.S.C.A. § 350. He then moved, according to Rule 4003(d), to seek an avoidance of Helen Owen's judgment lien, under 11 U.S.C.A. § 522(f).[1]

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

After hearing argument, the bankruptcy court on December 1, 1987, granted the debtor's motion to avoid the lien. Thereafter, however, Helen Owen filed a timely motion to amend or make additional findings of fact and to alter or amend this order. On February 8, 1987, the bankruptcy court reversed its December 1 ruling, finding for the judgment lienholder, stating:

> Clearly, if at the time the certified copy of the judgment was recorded in the Public Records, the Debtor owned the property but for whatever reason did not qualify to claim the property as homestead, such judgment lien would be clearly non-avoidable under 522(f) of the Bankruptcy Code. As the judgment lien in this case attached before the property qualified as homestead, the judgment lien is not of the type included within the ambit of 522(f)(1) and may not be avoided.

The district court upheld the bankruptcy court's determination that Helen Owen's lien, which substantially predated the acquisition of the property and the filing of the bankruptcy petition, was not avoidable under section 522(f). 86 B.R. 691 (M.D.Fla. 1988).

When a bankruptcy petition is filed, all of the debtor's property becomes the property of the bankruptcy estate. 11 U.S.C.A. § 541(a). After the property comes into the estate, the debtor may claim certain items as exempt from the bankruptcy estate.[2] The federal statute provides a "laundry list" of property available for exemption, unless a state "opts out" of this list and allows its residents to take advantage only of state-created exemptions. Florida has chosen to opt out of the bulk of the federal laundry list.[3] Accordingly, Florida state law governs the question of whether property may be exempted from the bankruptcy estate.

The claimed exemption here is created by Florida's constitutional homestead provision. Article 10, § 4 of the Florida Constitution states in part that homestead property is not subject to foreclosure of a judgment lien.[4]

Section 522(f) allows the debtor to avoid certain liens in order to protect against impairment of an exemption to which he would otherwise be entitled. There is no impairment of an exemption here, however. Under state law, the homestead exemption precludes attachment of a judgment lien except where the lien came into existence prior to the property attaining homestead status. Fla. Const. art. 10, § 4; *see Bessemer v. Gersten,* 381 So.2d. 1344 (Fla. 1980); *Aetna Ins. Co. v. LaGasse,* 223 So. 2d 727 (Fla.1969); *Volpitta v. Fields,* 369 So.2d 367 (Fla. 4th DCA), *cert. denied,* 379 So.2d 204 (Fla.1979); *In re Valdes,* 81 B.R.

---

(1) a judicial lien....

**2.** 11 U.S.C.A. § 522(b) provides in relevant part: Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
(1) property that is specified under subsection (d) of this section, [the federal list], unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place ...

**3.** *See* Fla.Stat. § 222.20 (opt out); section 220.-201 (allowing exemption described in subsection (d)(10) relating to debtor's right to receive benefits such as social security and unemployment compensation). Section 222.20 further provides that "[n]othing herein shall affect the exemptions given to residents of this state by the State Constitution and the Florida Statutes."

**4.** (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead, ... if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family.

141 (Bankr.S.D.Fla.1987). Where, as here, the judgment attached prior to the homestead right, there is no impairment because the exemption is specifically subject to this exception.

The debtor here does not dispute that Helen Owen's lien on his property would be enforceable under Florida law because it attached to the property before the debtor was able to avail himself of the homestead right. He argues, though, that section 522(f) allows him to avoid the lien because he now qualifies for the homestead exemption and if the lien did not exist, he could claim the exemption. In effect, he argues that federal law gives him an exemption that state law would not, even though the exemptions in Florida are defined by state law because of its "opting out" of the federal exemption.

Congress did not intend through section 522(f), however, to provide a federal exemption greater than that protected by state law where the exemption is created by state law. The legislative history of section 522(f) indicates that Congress sought to protect debtors from the race to judgment often occurring just prior to a debtor filing bankruptcy. That is, when it appears that a debtor is having trouble meeting his obligations, creditors rush to reduce their interests to judgment, attaching all of the debtor's property, including that which would otherwise be exempt. Thus, when the debtor files, he has no unencumbered property left with which to "make his fresh start." Accordingly, section 522(f) was adopted to

> ... give[ ] the debtor certain rights not available under current law with respect to exempt property. The debtor may avoid any judicial lien on exempt property, and any non-purchase money security interest in certain exempt property such as household goods. The first right allows *the debtor to undo the actions of* creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions....

H.R.Rep. No. 595, 95th Cong., 1st Sess., reprinted in U.S.Code Cong. & Ad.News 5787, 6087 (1978). This is not the case here. The debtor never held this property exempt from this judicial lien.

We also hold that the bankruptcy judge acted within his authority under the local rules to issue the February order without affording a hearing to the debtor. Rule 101(c) of the local bankruptcy rules allows the judge to suspend the requirements of the rules in order for the case to proceed at the court's direction. Further, the court had before it the entire record and, under the rules, need only afford notice and a hearing as is "appropriate in the particular circumstances." Here, it was appropriate to rule based on the papers filed by the parties.

For the foregoing reasons, the decision of the district court is

AFFIRMED.