# GLENDALE FEDERAL BANK v KELLY, etc., et al.

## Case No. 91-2970-06

Seventeenth Judicial Circuit, Broward County

May 21, 1991

## APPEARANCES OF COUNSEL

**Robert W. Lee, Esquire,** English, McCaughan & O'Bryan, for Counterdefendant, Glendale Federal Bank.

**Arnold D. Schatzman, Esquire,** for Counterplaintiff Growers Ford Tractor Company

## OPINION OF THE COURT

GEOFFREY D. COHEN, Circuit Judge.

### *FINAL SUMMARY JUDGMENT ON COUNTERCLAIM*

THIS ACTION came before the Court upon pleadings and proof submitted herein, the motion of the Counterdefendant, GLENDALE FEDERAL BANK, for the entry of a Summary Final Judgment as to Counterclaim, and on evidence presented,

IT IS ADJUDGED THAT:

1. This Court has jurisdiction of the subject matter hereof and the parties hereto. Counterplaintiff, GROWERS FORD TRACTOR CO., has brought its Counterclaim against GLENDALE FEDERAL BANK to foreclose Counterplaintiff's judgment against WORTHY KELLY entered April 20, 1972 and recorded on May 23, 1972 in Official Records Book 4892, Page 307 of the Public Records of Broward County, Florida.

2, WORTHY KELLY a/k/a WORTHY KELLEY is the owner of the following property (the "Property"):

Lot 7, Block 7, RIVER GARDENS, according to the Plat

thereof, as recorded in Plat Book 19, at Page 23 of the

Public Records of Broward County, Florida.

3. WORTHY KELLY a/k/a WORTHY KELLEY obtained title to the Property by virtue of that Sheriff's Deed dated April 26, 1984 and recorded in Official Records Book 11683, Page 951 of the Public Records of Broward County, Florida.

4. On April 21, 1978, GARNELL KING and MABERIALA A. KING, his wife, executed and delivered a promissory note and mortgage securing payment of the same to Counterdefendant, GLENDALE FEDERAL BANK, which mortgage (the "Mortgage") encumbers the Property and was recorded in Official Records Book 7539, Page 209, of the Public Records of Broward County, Florida.

5. Counterdefendant, GLENDALE FEDERAL BANK, is the holder of the Mortgage.

6. The Mortgage constitutes a valid lien on the Property, and is superior to any right, title, interest or claim of Counterplaintiff, GROWERS FORD TRACTOR CO., and all persons or entities claiming by, through or under it.

7. Counterdefendant is entitled to a final Summary Judgment in its favor as to the Counterclaim as a matter of law. Counterdefendant's mortgage was of record prior to the date when Counterplaintiff's judgment lien attached to the Property. Counterplaintiff's judgment did not attach as a lien on the Property until the judgment debtor obtained title to the Property. Counterdefendant's mortgage was of record on April 21, 1978, several years before Counterplaintiff's judgment lien attached to the Property. It has been a long and well established principle of Florida law that a judgment lien does not attach to specific realty until such time as a judgment debtor owns the specific realty.

*Porter-Mallard Co. v Dugger,* 157 So. 429, 430 (Fla. 1934); 14 Fund Concept 75 (1982). *Cf. 49 Judgments* §§ 484(a), 484(b) (1947).

8. The pleadings of file, together with the affidavits and evidence presented, indicate that there is no dispute as to any material fact. Accordingly, Counterdefendant is entitled to summary final judgment as a matter of law upon Counterplaintiff's Counterclaim.

9. The Court retains jurisdiction of this action to enforce further orders as are proper.

DONE AND ORDERED in Chambers at the Broward County Courthouse, Fort Lauderdale, Florida on May 21, 1991.