In re MURRAY INDUSTRIES, INC., et al., Debtors.

Joel A. SCHLEICHER, Appellant,

v.

MURRAY INDUSTRIES, INC., et al., Appellee.

No. 92–783–CIV–T–17C.
Bankruptcy No. 88–7473–8P1.

United States District Court, M.D. Florida, Tampa Division.

Nov. 16, 1992.

Wayne L. Thomas, Carton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, Fla., for appellant.

Rodney Anderson, Glenn, Rasmussen, Fogarty, Merryday & Russo, Tampa, Fla., for appellee.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause comes before the Court on appeal from a ruling of Chief Bankruptcy Judge Alexander L. Paskay of the Middle District Court of Florida.

## I. FACTS

The pertinent facts to this appeal are as follows. This is a Chapter 11 reorganization bankruptcy case in which Appellant/Creditor, Joel A. Schleicher and Appellee/Debtor, Murray Industries, Inc. entered into an employment agreement on June 1, 1986. The terms of this agreement provided that the Appellant, as Chief Financial Officer, would receive a base salary of $140,000 in the first year rising $20,000 per year to $200,000 in the fourth and fifth years.

Appellant was terminated by Appellee and pursuant to the employment agreement, the parties began arbitration proceedings which were stayed when Appellee filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code. The employment agreement also provided that if Appellant prevailed in the arbitration, he was entitled to recover attorney's fees and expenses.

Appellant filed a proof of claim alleging damages of $1,524,104.00 that includes attorney's fees of $395,021.00. Appellee objected to Appellant's claim and the Bankruptcy Court entered two Orders settling this dispute. The first Order, dated April 3, 1990 granted Appellee's Motion for Partial Summary Judgment finding that Appellant did not have a valid contractual right to recover attorney's fees pursuant to the employment agreement because the fees were not incurred in connection with arbitration. Further, the Bankruptcy Court permitted Appellant's Claim in the amount of $181,666.67, the amount of employment compensation limited by § 502(b)(7) of the Bankruptcy Code,[1] thus excluding attorney's fees. (Order on Debtor's Motion for Partial Summary Judgment).

The Bankruptcy Court's second Order, dated August 15, 1990, dismissed Appellee's Objection to Appellant's Claim but held that the Claim should be reduced by $3,900.00; the amount of unemployment compensation Appellant received during the period following his termination. (Order on Objection to Claim of Joel A. Schleicher, Case No. 88–7473–8P1). Accordingly, the Bankruptcy Court allowed Appellant's claim in the amount of $177,766.67 and Appellant appealed to this Court.

On appeal, this Court entered an Order dated August 7, 1990, reversing the Bankruptcy Court's denial of attorney's fees but upholding the Bankruptcy Court's deduction of unemployment compensation and limitation of Appellant's Claim pursuant to § 502(b)(7). Further, this Court urged the Bankruptcy Court to reconsider the issue of damages in remand and either modify the award or provide an explanation of its award.

On remand, the Bankruptcy Court entered an Order On Remand dated April 2, 1992, allowing Schleicher's claim in the amount of $187,450.13. 138 B.R. 999. (Brief of Appellant Joel A. Schleicher, Doc. No. 3, exhibit F). Based upon a status conference conducted on September 4, 1991, the Bankruptcy Court determined that it had the power to hear the "ultimate issue, which is whether Schleicher's entitlement to attorney's fees is subject to the limitations on damage claims resulting

---

1. Section 502(b)(7) of the Bankruptcy Code provides in pertinent part that the Bankruptcy Court shall allow a claim resulting from the termination of an employment agreement except to the extent that the claim exceeds:

(A) the compensation provided by such contract, without acceleration, for one year following the earlier of—

(i) the date of the filing of the petition; or
(ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus
(B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates;

from breach of employment contract as governed by § 502(b)(7) of the Bankruptcy Code." Based upon this determination, the Bankruptcy Court found that although Schleicher was entitled to a claim in the amount of $395,021.00, this claim is limited by the amount exceeding the compensation to which he is entitled in a one-year period based on the statutory ceiling contained in § 502(b)(7).

The Bankruptcy Court's rationale in applying the § 502(b)(7) limitation to Schleicher's claim is that this issue was presented for the first time on remand. The Debtor's original Objection to Schleicher's claim was also challenged on the grounds that any entitlement to attorney's fees would be limited by § 502(b)(7) and that neither the Bankruptcy Court nor this Court on appeal had considered this issue. Thus, although the Bankruptcy Court had dismissed Appellee's Objection to Appellant's Claim in its Order On Objection To Claim Of Joel A. Schleicher dated August 15, 1990, this issue. was presented for the Bankruptcy Court's consideration for the first time on remand.

Accordingly, the Bankruptcy Court concluded that the previous rulings of both itself and this Court addressed only the propriety of Appellant's Claim, specifically its inclusion of attorney's fees under the employment agreement, and not its limitation under § 502(b)(7). Therefore, the Bankruptcy Court concluded that Appellant's entitlement to $395,021.00 must be limited by the amount exceeding the compensation to which he is entitled in a one-year period provided in § 502(b)(7). As a result, the Bankruptcy Court only permitted Appellant's Claim in the amount of $187.450.13.

## II. DISCUSSION

On review, this Court cannot modify the Bankruptcy Court's findings of fact unless they are clearly erroneous. *Birmingham Trust Nat'l Bank v. Case*, 755 F.2d 1474, 1476 (11th Cir.1985). However, Appellants are entitled to independent de novo review of all conclusions of law and the legal significance accorded to the facts. *In re T*

& B *General Contracting, Inc.*, 833 F.2d 1455, 1460 (11th Cir.1987); *In re Owen*, 86 B.R. 691, 693 (M.D.Fla.1988), *aff'd*, 877 F.2d 44 (11th Cir.1989).

This Court has carefully reviewed both of Judge Paskay's original Orders on Partial Summary Judgment and Objection to Claim, this Court's Order on Appeal and the Bankruptcy Court's Order on Remand, as well as Counsels' Briefs. The Court concludes that the Bankruptcy Court's findings of fact are not clearly erroneous and its conclusions of law are sound. Accordingly, this Court affirms the Bankruptcy Court's ruling.

This Appeal essentially involves the issue whether attorney's fees are included in the computation of damages when applying the § 502(b)(7) limitation to bankruptcy claims. Appellant raises four contentions on appeal: 1) that the Bankruptcy Court erred in exceeding the scope of this Court's Order on Appeal pursuant to the law of the case doctrine; 2) that Appellee waived the right to limit attorney's fees pursuant to § 502(b)(7) of the Bankruptcy Code; 3) that § 502(b)(7) does not bar the recovery of attorney's fees and costs to a creditor; and 4) the Bankruptcy Court erred in reconsidering Appellee's claim in regards to attorney's fees. (Brief of Appellant Joel A. Schleicher, Doc. No. 3).

■ Appellant's first contention is that the law of the case doctrine prohibits the Bankruptcy Court from exceeding the scope of this Court's Order on Appeal. Appellant is correct in that this doctrine prohibits a trial court on remand from exceeding the scope of the appellate court's mandate. *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414 (1895); *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1508 (11th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988). However, a review of this Court's Order on Appeal and the Bankruptcy Court's Order on Remand indicates that the Bankruptcy Court did not exceed the scope of this Court's mandate.

■ This Court's Order on Appeal held that the Bankruptcy Court erroneously ex-

cluded attorney's fees from Appellant's Claim for damages resulting from the alleged breach of the employment agreement and remanded to the Bankruptcy Court to re-determine Appellant's Claim, including reasonable attorney's fees in the computation of damages. Further, this Court upheld the Bankruptcy Court's § 502(b)(7) limitation of Appellant's Claim for damages in regard to employment compensation. However, this Court did not address the application of the § 502(b)(7) limitation in respect to the attorney's fees. On remand, a court may properly address any question not settled by the appellate court. *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 950 (3d Cir.1985). This Court finds that the Bankruptcy Court's Order on Remand is consistent with this Court's mandate because the application of § 502(b)(7) to Appellant's Claim in respect to attorney's fees was not settled by this Court. Accordingly, Appellant's first contention is rejected.

■ Appellant's second contention is that Appellee waived the right to argue § 502(b)(7) limits Appellant's recovery of attorney's fees. Appellant asserts that Appellee's Objection to Claim only argued the application of the § 502(b)(7) limitation to Appellant's Claim for employment compensation, not attorney's fees. Consequently, Appellant asserts Appellee waived the right to assert this limitation in the determination of reasonable attorney's fees.

This Court disagrees with Appellant's second contention. The Bankruptcy Court found that Appellee's Objection challenged Appellant's Claim for damages, which includes both employment compensation and attorney's fees, as exceeding the § 502(b)(7) limitation. (Order on Remand, p. 3). Appellant contends this finding is erroneous because Appellee's Objection only challenged Appellant's Claim in respect to employment compensation. (Brief of Appellant Joel A. Schleicher, Doc. No. 3 at 12). Appellee, on the other hand, responds that it raised the § 502(b)(7) limitation in its Objection to Appellant's single Claim, which consisted of employment com-

pensation and attorney's fees. (Brief of Appellee, Doc. No. 4 at 9–10).

This Court cannot find that the Bankruptcy Court's determination that Appellee raised the § 502(b)(7) limitation in its Objection to Appellant's single Claim is clearly erroneous. In the Objection to Claim, Appellee asserted the § 502(b)(7) limitation of Appellant's Claim. The application of this limitation to attorney's fees in addition to employment compensation was not an issue until remand. However, Appellant has asserted only one Claim for damages, which includes both employment compensation and attorney's fees, and Appellee did raise § 502(b)(7) as a limitation to this Claim. Accordingly, this Court rejects Appellant's second contention.

■ Appellant's third contention is that § 502(b)(7) does not bar the recovery of attorney's fees and costs to a creditor. The critical issue in the case *sub judice* is not whether Appellant is entitled to attorney's fees as part of his damages, but whether this Claim may be limited by § 502(b)(7). Appellant's contention otherwise is unfounded. Title 11, § 502(b)(7) of the Bankruptcy Code limits claims for damages resulting from the termination of an employment contract. The Bankruptcy Court's Order on Remand extensively discusses the application of this limitation to Appellant's Claim and Appellant offers no support for the contention that its request for attorney's fees is outside the scope of this limitation.

This Court finds that in light of the lack of case law on this issue, the Bankruptcy Court made a sound decision that Appellant's Claim for damages, which includes both employment compensation and attorney's fees, is subject to the § 502(b)(7) limitation. *See In re Charter Co.*, 82 B.R. 144, 149 (Bankr.M.D.Fla.1988) (attorney's fees were not awarded in addition to amount allowed under § 502(b)(7) even though consulting agreement between parties contained provision authorizing such fees); *In re Johnson*, 117 B.R. 461, 464 (Bankr. D.Minn.1990) (attorney's fees were not awarded in addition to amount allowed under § 502(b)(7) even though employment

contract between parties contained provision establishing entitlement of both parties to recover attorney's fees from the losing party in litigation). This Court notes that neither party in *In re Charter Co.* or *In re Johnson* specifically sought attorney's fees.

However, the analogy of the limitation in § 502(b)(6) for damage claims incurred in connection with lease terminations indicates that the damage limitation includes the calculation of attorney's fees.[2] *In re Goldblatt Brothers, Inc.*, 66 B.R. 337, 343 (Bankr.N.D.Ill.1986); *In re Bus Stop, Inc.*, 3 B.R. 26, 27 (Bankr.S.D.Fla.1980). Therefore, the Bankruptcy Court's calculation of Appellant's damages and limitation pursuant to § 502(b)(7) properly included both employment compensation and attorney's fees under the employment agreement as elements of damages. Accordingly, this Court rejects Appellant's third contention.

Appellant's fourth contention is that the Bankruptcy Court erred in reconsidering Appellee's claim for attorney's fees because sufficient cause for reconsideration did not exist pursuant to § 502(j) of the Bankruptcy Code and Bankruptcy Rule 3008. Appellant asserts that the Bankruptcy Court cannot reconsider the amount of Appellant's Claim because Appellee has not demonstrated sufficient "cause" to permit the Bankruptcy Court to raise the application of the § 502(b)(7) limitation to Appellant's attorney's fees for the first time on remand.

This contention must fail because it is essentially the same argument espoused in Appellant's prior contentions. The Bankruptcy Court found that Appellee filed an Objection to Appellant's single Claim for damages, which included employment compensation and attorney's fees. This Objection raised § 502(b)(7) as a limitation to the amount of any damages allowable under this Claim. Consequently, Appellee did not waive the application of this limitation to the attorney's fees portion of Appellant's

Claim and the Bankruptcy Court did not reconsider this Claim. The Bankruptcy Court simply applied the § 502(b)(7) limitation to Appellant's Claim after this Court instructed it to include reasonable attorney's fees as part of the damages. Accordingly, this Court rejects Appellant's fourth contention.

Accordingly, it is

ORDERED that judgement of the Bankruptcy Court, Chief Judge Alexander L. Paskay, be affirmed.

DONE and ORDERED.

---

**2.** The legislative history of this section indicates that § 502(b)(7) was intended to track the limitation on damages provided by § 502(b)(6). H.R.Rep. No. 595, 95th Cong., 1st Sess. 354 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 64–

65 (1978), U.S.Code & Admin.News 1978, pp. 5787, 5850–5851, 5963, 6309–6310. Therefore, the interpretation of § 502(b)(7) should be analogous to § 502(b)(6).