## In re STATE STREET HOUSES, INC., Debtor.

### No. 03–80076–CIV.

United States District Court,
S.D. Florida,
West Palm Beach.

April 17, 2003.

Paul Edward Gifford, Fort Lauderdale, FL, for appellant.

Donald Bruce Kratz, Jeck Harris & Jones, Jupiter, FL, for appellees.

### ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

RYSKAMP, District Judge.

THIS CAUSE comes before the Court pursuant to State Street Houses, Inc.'s Notice of Appeal, filed February 3, 2003 [DE 1]. The Court held a hearing on the appeal on April 16, 2003. This matter is now ripe for adjudication.

### I. BACKGROUND

Appellant, State Street Houses ("Houses"), is a New York corporation and legal title owner of the Kennedy Plaza Apartments ("Kennedy Plaza") in Utica, New York. Appellees are the New York State Mortgage Loan Enforcement and Administration Corporation ("MLC"), the New York State Urban Development Corporation ("UDC"), the Empire State Development Corporation ("ESDC"), the New York State Project Finance Agency ("PFA") (collectively "Mortgagees"), and Larry Sutton (all collectively referred to as "Appellees"). Appellee State Street Associates Limited Partnership ("Associates") is Houses' affiliate and equitable owner of Kennedy Plaza.

Beginning in 1971, UDC extended a series of loans secured by a mortgage to Houses and Associates that were eventually consolidated into a Final Mortgage Determination of $8,179,000.00. The mort-

gage lien is being administered by MLC as attorney-in-fact for UDC and the PFA.

In 1983, Associates, UDC, MLC and PFA, along with other owners and others holding interests in certain properties, commenced a civil action in the United States District Court for the Southern District of New York against Dow Chemical, Inc. for the failure of its "Sarabond" mortar additive product, used in the construction of Kennedy Plaza. Pursuant to a Loan Restructuring Agreement dated July 31, 1985, Associates and Houses assigned to UDC any settlement or award resulting from the litigation. UDC, PFA, MLC, Associates and Houses also agreed to an allocation of any settlement proceeds. The second priority under the allocation was that $2,173,800.00 plus accrued interest would be paid from the settlement proceeds by UDC to HUD on the HUD loan that Houses and Associates took to fund repairs necessitated by the defective Sarabond product. The agreement also granted Houses and Associates a ten year forbearance period from the closing date of the financing.

UDC, MLC, PFA and Associates entered into a settlement agreement with Dow in 1991 under which Dow was to pay $20 million to the Sarabond plaintiffs. An amendment to the 1985 loan restructuring agreement revised the allocation priorities, making the amount payable to HUD the first priority thereunder. The amendment also extended the forbearance period an additional five years.

Following material defaults on their obligations on the mortgage and expiration of all forbearance periods, UDC sent Associates and Houses a default notice dated April 9, 2002. On April 22, 2002, Houses, Associates and Lanny A. Horowitz, president and sole shareholder of Houses, commenced federal action in an apparent attempt to prevent foreclosure on Kennedy Plaza. The action focused on Mortgagees' alleged failure to make the Sarabond payment to HUD and requested a preliminary injunction to prevent foreclosure of Kennedy Plaza. The district court dismissed the complaint for lack of subject matter jurisdiction and denied the motion for a preliminary injunction. Houses, Associates and Horowitz appealed the dismissal to the United States Court of Appeals for the Second Circuit and moved the Second Circuit for an order enjoining the foreclosure. The Second Circuit denied the motion for an injunction from the bench on July 16, 2002 and by written order on July 18, 2002.

Mortgagees sent Houses and Associates another default letter on June 28, 2002, establishing a 20 day cure period set to expire at midnight on July 18, 2002. On July 16, 2002, Houses and Associates brought an action in New York state court seeking an injunction to prevent the foreclosure. The state court action appears to have been abandoned.

On July 16, 2002, Houses filed a voluntary Chapter 11 petition in the Bankruptcy Court for the Southern District of Florida. One month later, on August 16, 2002, Houses commenced an adversary proceeding in the Bankruptcy Court, titled *State Street Houses, Inc. v. New York State Urban Development Corp. et al.*, Adversary Proceeding No. 02–3238–BKC–SHF–A. This action sought to (1) recover an allegedly fully matured debt valued at $22,773,278.00, purportedly consisting of the settlement funds to which it claims to be entitled plus interest to the year 2025, the year in which the HUD loan is due; (2) obtain a determination as to the validity of Movants' mortgage lien; and (3) obtain an order compelling UDC to approve a fair and reasonable rental increase.

Appellees moved in Bankruptcy Court for an order dismissing the case pursuant

to 11 U.S.C. § 1112 on the grounds that the case was filed in bad faith or, in the alternative, for an order transferring the case to the Bankruptcy Court for the Northern District of New York. The non-insider creditors and parties in interest, the New York State Division of Housing and Community Renewal, the City of Utica, New York and the County of Oneida, New York, each joined the motion to dismiss. On December 3, 2002, the Bankruptcy Court dismissed State Street Houses' Chapter 11 bankruptcy case on the grounds that it was filed in bad faith. The Bankruptcy Court also dismissed the adversary proceeding and pending motions therein as moot. Houses appeals from the dismissal of the Chapter 11 proceeding and the decision not to transfer the case to the Northern District of New York.

## II.  *LEGAL STANDARD*

This Court will uphold the Bankruptcy Court's factual findings unless the findings are clearly erroneous. Fed. R. Bankr.P. 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647, 651 (11th Cir. 1986). Conclusions of law are reviewed de novo. *In re Owen*, 86 B.R. 691, 693 (M.D.Fla.1988), *aff'd*, 877 F.2d 44 (11th Cir.1989), *rev'd on other grounds*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). Discretionary rulings made pursuant to the Bankruptcy Code, such as the dismissal of a bankruptcy case, are reviewed under an abuse of discretion standard. *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir.1984).

## III.  *DISCUSSION*

Appellant advances three arguments on appeal: (1) that the Eleventh Circuit's decisions on bad faith in real estate bankruptcies have been legislatively overruled, (2) that the Bankruptcy Court's committed procedural error in using affidavits as the basis for its factual findings, and (3) that the Bankruptcy Court erred in declining to transfer the case to the Northern District of New York.

### 1.  Dismissal of Chapter 11 Petition on Grounds of Bad Faith

Section 1112(b) of the Bankruptcy Code permits dismissal of a bankruptcy case for cause. "A case under Chapter 11 may be dismissed for cause pursuant to section 1112 of the Bankruptcy Code if the petition was not filed in good faith." *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir.1988); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984); *In re Midway Invs.*, 187 B.R. 382, 389 (Bankr.S.D.Fla.1995). Pursuant to *Phoenix Piccadilly*, "courts may consider any factors which evidence 'an intent to abuse the judicial process and the purposes of the reorganization provisions' or in particular, factors which evidence that the petition was filed to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." 849 F.2d at 1394 (quoting *Albany Partners*, 749 F.2d at 674). *Phoenix Piccadilly* establishes the following factors which form the basis of a bad faith filing: (1) the Debtor has only one asset, the property at issue; (2) the Debtor has few unsecured creditors whose claims relatively small compared to the claims of the secured creditors; (3) the Debtor has few employees; (4) the property is subject to a foreclosure action as a result of arrearages on the debt; (5) the debtor's financial problems essentially are a dispute between the Debtor and the secured creditors which can be resolved in the pending state court action; and (6) the timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights. 849 F.2d at 1394–95.

■ The Court has reviewed the Bankruptcy Court's order and concludes that it correctly determined that the evidence established that Appellants filed the bankruptcy action in bad faith. Kennedy Plaza is Appellant's only real asset. Appellant claims that it is entitled to the Sarabond settlement funds, but these funds were assigned to UDC, which is under obligation to tender the funds to HUD. Second, the secured claims greatly exceed the claims of the non-insider unsecured creditors. Schedule D lists several secured claims, totaling $14,402,914.68, all of which are held by the Mortgagees. Schedule E purports to list $17,815,100.00 in unsecured claims. The largest unsecured creditor, with a purported claim of $15,271,743.00, is Associates, an insider. After excluding Associates' claim, all that remains is the $14,402,914.68 claim of the Mortgagees, HUD's unsecured claim for $2,543,000.00, and the City of Utica's unsecured claim for payments in lieu of taxes for $457,000. Notably, the City of Utica joined the motion to dismiss. The Bankruptcy Court therefore properly found that Houses has few unsecured creditors whose claims are small in relation to the claims of its secured creditors. Since Appellant faces no threat from any of its other purported creditors, Appellant's financial problems are a two-party dispute suitable for resolution in a New York state foreclosure action. This Court sees no error in the Bankruptcy Court's finding that Appellant has no employees and does not conduct any ongoing business activities. Finally, regarding the timing of Appellant's Chapter 11 filing, the Bankruptcy Court found that Mortgagees intended to initiate a foreclosure action upon expiration of the cure period established by the second default notice and would have done so but for Appellant's Chapter 11 filing. This Court agrees with the Bankruptcy Court that these factors warrant a finding that the Chapter 11 petition was filed in bad faith in an attempt to avoid foreclosure.

Appellant's primary contention is that the bad faith standard established in *Phoenix Piccadilly* and *Albany Partners* was legislatively overruled by the Bankruptcy Reform Act of 1994, which revised Sections 101 and 362(d) of the Bankruptcy Code regarding single asset real estate cases. Appellant cites to a number of cases decided in the Middle District of Florida which suggest that the *Piccadilly* standard has been legislatively overruled.

Courts addressing the issue of whether the *Piccadilly* standard applies in single asset real estate cases are split. *See In re Villamont–Oxford Associates Ltd. Pship.*, 230 B.R. 457, 463 (Bkrtcy.M.D.Fla.1998) ("[A]pplication of the Phoenix Piccadilly factors to a single asset real estate case produces a result that directly conflicts with Congressional intent.... Congress has not determined to uniformly deny single asset real estate debtors the right to reorganize. Accordingly, when determining whether cause exists to ... dismiss the case, the mere fact that a case is a single asset real estate case will not be the determining factor in this Court's analysis."); *In re Jacksonville Riverfront Development, Ltd.*, 215 B.R. 239, 245 (Bkrtcy. M.D.Fla.1997) ("the law of *Phoenix Piccadilly* is no longer applicable in light of the Bankruptcy Reform Act of 1994"). On the other hand, the Southern District of Florida has held that "the Bankruptcy Reform Act of 1994 does not limit the *Phoenix Piccadilly* line of cases" in single asset matters. *In re Midway Investments, Ltd.*, 187 B.R. 382, 388 (Bankr.S.D.Fla.1995). *See also In re Star Trust*, 237 B.R. 827, 833 (Bankr.M.D.Fla.1999) ("A review of the development of 'bad faith' as cause for dismissal leads quickly to the conclusion that § 362(d)(3) does not preempt this body of law.").

The Court elects to follow the line of cases holding that the *Phoenix Piccadilly* factors are appropriate guidelines for consideration when evaluating whether a Chapter 11 petition in a single asset real estate case was filed in bad faith. The Bankruptcy Court's application of the factors was not legal error, nor did the Bankruptcy Court apply the factors erroneously. Accordingly, the Court affirms the Bankruptcy Court's dismissal of the petition as being filed in bad faith.

## 2. Reliance on Affidavits as Basis for Factual Findings

■ The Court finds no merit in Appellant's argument that the Bankruptcy Court committed procedural error in considering affidavits in granting the motion to dismiss. Federal Rule of Civil Procedure 43(e) provides that "[w]hen a motion is based on facts not appearing of record the court may hear the matter on affidavits...." *See also In re Ravick Corp.*, 106 B.R. 834, 835 n. 1 (Bankr.D.N.J.1989) ("a court may rely upon affidavits in on a motion to dismiss."). The Bankruptcy Court did not commit procedural error in considering affidavits in granting the motion to dismiss.

## 3. Denial of Request to Transfer Case to Northern District of New York

■ Appellant claims that the Bankruptcy Court abused its discretion in dis-

missing its case rather than granting its alternative request for a transfer to the Northern District of New York. This argument is meritless. The Bankruptcy Court ruled, and this Court agrees, that the Chapter 11 petition was a bad faith filing. As such, the petition would be in bad faith regardless of the district in which it was filed. The availability of an alternative to dismissal does not lead to the conclusion that the Bankruptcy Court abused its discretion in granting the motion to dismiss. This Court holds that the decision to dismiss rather than transfer was within the discretion of the Bankruptcy Court.

## IV. *CONCLUSION*

The Court, having considered the briefs, oral argument and pertinent portions of the record, hereby

ORDERS AND ADJUDGES that the December 3, 2002 Order of the Bankruptcy Court dismissing the Chapter 11 petition as having been filed in bad faith is AFFIRMED.