OWEN, WILLIAM C., Jr. (Retired) Associate Judge.
If Section 55.145, Florida Statutes (1979), which contains no reference to judgment liens, meant literally what it so plainly says,[1] the trial court’s summary final judgment ordering appellant to satisfy of record a certain money judgment held by it surely would have been correct. However, perhaps to save the statute from constitutional infirmity, the Supreme Court construed it in Albritton v. General Portland Cement Co., 344 So.2d 574 (Fla.1977), as not authorizing the invalidation of certain types of judgment liens. There remains a fact issue as to whether appellant’s judgment ever attached as a lien on appellee’s property. We therefore reverse for further proceedings.
John D. Harris and Marian Harris were divorced in 1972, at which time by statute they became tenants in common of certain real property which they had theretofore owned as tenants of an estate by the entirety. The property consisted of the marital home, the exclusive possession of which was awarded to Mrs. Harris during the minority of any of the children, a condition which *824 prevails to this time. In October, 1976, •appellant obtained a final money judgment for $6,666.71 against John D. Harris, a certified copy of which was promptly filed in Duval County where the real property was situated. Six weeks later, John D. Harris conveyed his interest in the property to Marian Harris. In 1979, John D. Harris filed a petition for personal bankruptcy, and later that year was discharged from personal liability on or for appellant’s judgment. Over a year later, pursuant to Section 55.145, Marian Harris, appellee herein, sought in the Circuit Court of Duval County, a satisfaction of the judgment. Finding no genuine issue of a material fact, the trial court entered the summary judgment granting the relief requested. By separate order, appellee’s costs and attorneys fees were assessed against appellant.
When appellant recorded in the official records of Duval County, a certified copy of its judgment against John Harris, it became a lien on his undivided one-half interest in the marital domicile, unless the property was and continues to be exempt under Art. X, § 4, Fla.Const. (which appel-lee asserts here to be the case, but which was neither pled nor made the express basis of the court’s order). If the property was not exempt, so that the judgment became a lien against it, then even though the bankruptcy discharge released John Harris from personal liability on the judgment, the lien itself was not discharged, but survived the bankruptcy. 1A Collier on Bankruptcy, § 17.29 (14th ed. rev. 1978). In the Albritton case, supra, the Court stated at page 576:
Nothing in Section 55.145 authorizes the invalidation of liens which survive bankruptcy, to the extent there existed property subject to lien when the petition was filed.
Whether there existed property subject to lien when the petition was filed is the factual issue to be determined upon remand.
While there is language in the Albritton opinion which would appear to exclude from the statute only judgment liens arising prior to bankruptcy, which attached to property remaining in the hands of the bankrupt as exempt property,[2] elsewhere the opinion reflects the view that the statute was intended only to clear title to subsequently acquired property or to property for which title to the bankrupt was cleared in the bankruptcy proceedings. Appellee’s property would not fit into either category.
Appellant’s second point, that appellee did not have standing to bring this action under the category of “any interested party,” is without merit.
The judgment, as well as the separate order assessing attorney’s fees and costs, are severally reversed and the cause remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
MILLS and WENTWORTH, JJ., concur.

. In relevant part, the Statute provides:
55.145 Discharge of judgments in bankruptcy. At any time after (1) year has elapsed since a bankrupt ... was discharged from his debts, pursuant to the act of congress relating to bankruptcy, the bankrupt ... or any interested party may petition the court in which the judgment was rendered ... for an order to cancel and discharge such judgment.... If it appears upon the hearing that the bankrupt ... has been discharged from the payment of that judgment or of the debt upon which it was recovered, the court shall enter an order canceling and discharging said judgment. The order of cancellation and discharge shall have the same effect as a satisfaction of judgment....

. This language, standing alone, would seemingly support the trial court’s judgment, since, of course, the property was not a part of the bankrupt’s estate, and certainly was not “property remaining in the hands of the bankrupt as exempt property.”