**In re Dwight H. OWEN, Debtor.**

**Bankruptcy No. 86–106.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 13, 1986.

M. Jay Lancer, Sarasota, Fla., for debtor.

Stephanie Cates-Harman, Tampa, Fla., trustee.

John Shuman, Sarasota, Fla., for Helen M. Owen.

## ORDER ON OBJECTION TO CLAIM OF EXEMPT PROPERTY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is an objection to the exemption claim of Dwight H. Owen, the Debtor involved in this liquidation case. The challenge to the Debtor's right to the exemption is interposed by Helen Owen, a judgment creditor of the Debtor. The property involved in this controversy is known as Unit 301 of Embassy House, located in Sarasota, Florida. The Debtor claims this property exempt in his Schedule B–4 pursuant to Article X, Section 4 of the Florida Constitution which exempts real properties which qualify for homestead exemption under the laws of this State.

It should be noted, at the outset, what is and what is not involved in the present controversy. The objection to the Debtor's claim of exemption is based on the contention of Helen Owen that the Debtor's right to exempt the subject property must be determined with reference to Art. X Fla. Const. Sec. 4 which was in effect at the time the Debtor acquired the subject property and not as of the time the Debtor filed his Petition for Relief in this Court. This being the case, Helen Owen contends that because at the time the Debtor acquired ownership of the subject property, he was not head of a household which at that time was a precondition to the right to claim a homestead exemption under Art. X Fla. Const. Sec. 4, the Debtor is not entitled to claim the property as exempt and that the property shall be turned over to the Trustee "as property of the estate" and to be administered by the Trustee.

Thus, it is evident, that this case does not involve a contention advanced by the pleading that the property is not immune from a specific claim of Helen Owen, but merely challenges the Debtor's rights to exemptions in general. It is true that the post-hearing submission by counsel of Helen Owen cited numerous cases dealing with the question of respective priorities between the homestead exemption claims and claims of lien creditors. However, the objection as filed, merely posits the questions as set forth in a memorandum submitted by counsel for the Debtor, which is whether or not the right of a Debtor to claim exemption is to be determined with reference to the homestead exemption laws of

the State of his residence as of the date of the commencement of a bankruptcy case or as of the date the property was acquired by the Debtor.

The underlying facts relevant to the resolution of the issues raised by the parties are without dispute and can be summarized as follows:

On April 17, 1972, Helen Owen obtained a final judgment against the Debtor in the principal sum of $187,686.00 in the Circuit Court for Manatee County, Civil Case No. CA 3931-8-431. A copy of the final judgment was recorded in the Public Records of Manatee County, O.R. Book 550 at Page 713. On December 1, 1975, Helen Owen obtained another final judgment against the Debtor in the principal sum of $158,-703.87 in the Circuit Court for Manatee County, Civil Case No. CA75-574-27-75. A certified copy of this final judgment was recorded in the Public Records of Sarasota County, O.R. Book 1127, Page 1494. The subject property involved in this controversy was acquired by the Debtor on November 26, 1985 by a warranty deed from National Lake Development, Inc. At the time, the title to the subject property was vested in the Debtor, the Debtor was a single person, and as such, was not the head of a household, therefore had no right to homestead exemptions and the then prevailing provisions of Art. X of the Constitution.

On January 13, 1986, the Debtor filed his voluntary Chapter 7 Case in which he now asserts the exemption claim under challenge. This exemption claim is based on the amended version of the Constitution dealing with this subject. This amendment substituted the term "natural person" for the previous term "head of household". This, in effect, now permits all natural persons to take advantage of the homestead exemption, unlike the earlier version which limited the right to claim the homestead exemption to persons who qualified as the heads of a household. At the time the Debtor filed his voluntary Chapter 7 case on January 13, 1986, the amendment was already in effect since it became effective on the first Tuesday after the first Monday in January following the election, or January 1985.

Based on this, it is the Debtor's contention that inasmuch as the Debtor's right to exemption pursuant to Section 522 is determined by the law governing exemption in effect on the date of the commencement of the case, he is entitled to claim the subject property exempt, citing *Bramsher v. Zahn (In re Zahn)* 605 F.2d 323 (7th Cir.1979); *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1902); *Lewis v. Manufacturer's National Bank*, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961); and *In re Eldridge*, 22 B.R. 218 (Bankr.D. Maine 1982). There is no doubt that the cases cited by the Debtor do correctly state the law controlling the right of a Debtor to exemptions generally and the Debtor's right to exempt properties under the applicable law and immunize same from administration by the trustee.

Having concluded that the Debtor's right to claim the subject property as his homestead, thus exempt, is governed by the amended Art. X Sec. 4 which was in effect at the time the Debtor filed his Voluntary Petition, the objection as prosecuted by Helen Owen cannot be sustained and must be overruled. This conclusion, however, shall not be construed to intimate that while the property is exempt from general administration by the trustee, it would also be immune against the subject property by anyone including Helen Owen. Moreover, neither shall this opinion be construed to determine the Debtor's right to challenge the enforceability of any liens which might be asserted against the subject property. Accordingly, it is

ORDERED, ADJUDGED and DECREED that the objection to the Exemption claim filed by Helen Owen be, and the same is hereby overruled, and the subject property shall not be turned over to the Trustee for administration for the benefit of the creditors of the estate pursuant to the applicable provisions of the laws of this State and without further interference from the Bankruptcy Court.