In re Dwight H. OWEN, Debtor.

Dwight H. OWEN, Appellant,

v.

Helen OWEN, Appellee.

No. 88–404–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

June 7, 1988.

19. 9 C. Wright and A. Miller, *Federal Practice and Procedure*, § 2316 at 77–78 (1971).

Roger L. Fishell, Sarasota, Fla., for appellant.

John R. Shuman, Clearwater, Fla., for appellee.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from the Order on Motion to Amend or Make Additional Findings entered February 8, 1988, by Bankruptcy Judge Alexander L. Paskay, and request for oral argument. The request for oral argument is denied.

ISSUES:

I. Whether or not the trial court correctly ruled that a debtor could not invalidate a judicial lien, pursuant to § 522(f)(1) of the Bankruptcy Code, which preceded debtor's homestead exemption under Florida law and arose prior to debtor's acquisition of the subject property.

II. Whether or not the trial court correctly entered an order on motion to amend or make additional findings of fact pursuant to bankruptcy rule 7052(b) and to alter or amend the order on motion to avoid judgment lien pursuant to bankruptcy rule 9023, without notice and a hearing.

STANDARD OF APPELLATE REVIEW

■ The applicable standard of appellate review is that findings of fact shall not be set aside unless clearly erroneous. *Griffin v. Missouri Pacific Railway Co.*, 413 F.2d 9 (5th Cir.1969); Bankruptcy Rule 8013. Appellant is entitled to an independent *de novo* review of all conclusions of law and the legal significance accorded to the facts.

FACTS

Helen Owen obtained a final money judgment against debtor, on December 1, 1975, in Manatee County Circuit Court. The certified judgment was recorded in Sarasota County, Florida, on July 29, 1976, O.R. 1127, Page 1494. At that time Appellant did not own property in Sarasota County. On November 27, 1984, debtor acquired a fee simple ownership of the real property known as Unit No. 304, Embassy House. The deed for the property was recorded in the public records of Sarasota County, on November 27, 1984, O.R. 1732, Page 676.

At that time, debtor was a single man and not the "head of a family", within the meaning of Article 10, Section 4, Florida Constitution, relating to the homestead exemption. On November 6, 1984, the homestead provision was amended substituting "a natural person for "a head of a family." The amendment became effective January 8, 1985.

Appellant, a single man, filed a Chapter 7 bankruptcy petition on or about January 13, 1986. The petitioner claimed real property known as Unit 304, Embassy House, located in Sarasota County, Florida, as exempt property in the B–4 schedule, pursuant to Article 10, Section 4 of the Florida Constitution and Section 222.20, Florida Statutes, exempting homestead property.

A creditor, Helen Owen, filed an objection to the exemption claim on January 22, 1986. On August 13, 1986, the bankruptcy judge overruled the objection and designated the property exempt and immune from the general administration of the Trustee, 64 B.R. 258. The order did not resolve the issues of post-petition lien status or debtor's rights as to avoidability or enforceability of Helen Owen' lien.

Appellant was granted discharge on May 13, 1986. On December 15, 1986, the debtor filed an application to reopen the case for the purpose of seeking to avoid the lien of Helen Owen, pursuant to 11 U.S.C. § 522(f)(1). The case was reopened by the bankruptcy court. On April 13, 1987, debtor filed a motion to avoid the lien and Helen Owen filed a response. Argument was had before the court on August 21, 1987.

On December 1, 1987, the bankruptcy court entered an order granting the motion to avoid the lien. Thereafter, Helen Owen filed a motion to amend or make additional findings of fact, pursuant to Rule 7052(b), and to alter or amend the order of December 1, 1987. On February 8, 1988, the court entered an order reversing the December 1 ruling. The order found the lien sought to be avoided was not of the type included in Section 522(f)(1) and denied debtor's motion to avoid the lien. This is the order appealed from by Appellant.

DISCUSSION

■ The Court will address the procedural validity of the bankruptcy court's entry of order on motion to amend, filed February 8, 1988. The order states that the cause was before the court on ex parte consideration of Helen Owen's motion to amend. The court considered the motion to amend and the prior record in the cause. The court did not require or allow a response from debtor to the motion to amend,

nor was argument or hearing allowed on the motion.

Upon due consideration, the Court finds the brief of Appellee on this issue persuasive. The local rules of the bankruptcy court imbues the bankruptcy judge with the power to suspend the requirements of the rules and for proceedings in accordance with the court's direction. Rule 101, Local Rules of the Bankruptcy Court. The Court specifically finds the order of February 8, 1988, to have been entered within the authority of Judge Paskay.

The second issue is whether or not the bankruptcy court was in error in amending its previous order and finding that the lien of Helen Owen on the property in question was not avoidable. Appellant seeks to avoid the lien of Helen Owen under 11 U.S.C. § 522(f), which states in relevant part:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of an lien on interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien;

■ The judgment of Helen Owen, recorded in the public records on July 29, 1976, attached as a lien, instantly, upon the acquisition of title by the debtor on November 27, 1984. (Appellant brief, pg. 10). A previously attached judgment lien will prevail over an after acquired right of homestead. *Pasco v. Harley,* 73 Fla. 819, 75 So. 30 (1917); *Aetna Insurance Co. v. La-Grasse,* 223 So.2d 727 (Fla.1967); *Bessemer v. Gersten,* 381 So.2d 1344 (Fla.1980). Debtor was not entitled to homestead exemption on the purchase of the real property; the amendment allowing the exemption did not become effective until January 8, 1985. Under state law, the lien would remain enforceable against this homestead property. (Appellant's brief, pg. 11).

■ The bankruptcy discharge has no effect on the lien. A judgment attaching to property and becoming a lien prior to bankruptcy survives the discharge and remains enforceable, to the extent of the state law. *Barnett Bank v. Harris,* 421 So.2d 822 (Fla. 1st D.C.A.1982); *Albritton v. General Portland Cement,* 344 So.2d 574 (Fla.1977). Appellant contends however that 11 U.S.C. § 522(f), if affirmative action is taken by a debtor to invoke the provisions of that section, renders the lien herein unenforceable.

■ Section 522(f) provides for the avoidance of security interests on certain exempt items, to the extent the lien impairs an exemption to which the debtor is entitled. Even though Florida has "opted out" of the exemptions provided in 11 U.S.C. § 522(d), the provisions of § 522(f) are applicable to Florida bankruptcy proceedings. *In Re: Hershey,* 50 B.R. 329 (S.D.Fla.1985). The question before the Court is whether the application of § 522(f) allows the debtor to avoid the lien of Helen Owen.

■ Appellee urges the Court to adopt a position that the lien which substantially pre-dated both the filing of the bankruptcy petition and the debtor's obtaining of homestead rights is not an avoidable lien within the meaning of § 522(f). Appellee cites a line of cases for the proposition that " ... a judicial lien which attached to an interest in property prior to the debtor's acquisition of that interest is not avoidable pursuant to § 522(f)(1)" inasmuch as "the phrase 'an interest of the debtor in property' refers to an unencumbered interest at the time of acquisition." *McCormick v. Mid-State Bank & Trust Co.,* 22 B.R. 997 (W.D.Pa. 1982); *In Re: Williams,* 38 B.R. 224 (Bkrtcy.N.D.Okla.1984); *In Re: Sprick,* 78 B.R. 292 (Bkrtcy.D.Kan.1987).

The Court finds this line of cases persuasive and adopts their reasoning. The Court additionally finds persuasive the arguments of Appellee that debtor never owned an unencumbered interest in the real property in question, since the lien attached to the property simultaneously with acquisition of the property.

This Court, having carefully considered the two issues on appeal, concludes that the bankruptcy court did not err in determining that the judgment lien of Helen Owen was not voidable pursuant to 11 U.S.

C. § 522(f) or erroneously deny debtor a hearing on the motion to amend. Accordingly, it is

ORDERED that the order on motion to amend or make additional findings and to alter or amend order on motion to avoid judgment lien, filed February 8, 1988, be affirmed. The Clerk of the Court is directed to enter judgment in accordance with this Order.