**In re Christian George DREHSEN a/k/a Christian G. Drehsen, M.D., a/k/a Christian George Drehsen, M.D., Debtor.**

**Christian George DREHSEN, Appellant,**

v.

**BANK OF ST. PETERSBURG, Appellee.**

No. 95–673–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 17, 1995.

Alberto F. Gomez, Jr., Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, for appellant.

Paul Frank Probst, Jr., Law Offices of Paul F. Probst, Jr., Clearwater, FL, for appellee.

## ORDER

KOVACHEVICH, District Judge.

This Cause is before the Court on appeal from the Findings of Facts, Conclusions of Law and Memorandum Opinion ("Memorandum Opinion"), by Chief Bankruptcy Judge Alexander L. Paskay, entered on March 22, 1995. Jurisdiction over appeals from the final judgments, orders and decrees of the Bankruptcy Court is vested in the Federal District courts. 28 U.S.C. § 158(a).

The issue presented for this Court's review is whether the Bankruptcy Court's Findings of Facts and Conclusions of Law in connection with its Memorandum Opinion are clearly erroneous as to Count III of the Complaint filed by the Bank of St. Petersburg on February 14, 1994.

## STANDARD OF APPELLATE REVIEW

The District Court is bound by the findings of fact made by the Bankruptcy Court unless it determines them clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *See United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). The burden is on the appellant to show that the Bankruptcy Court's finding is clearly erroneous. Federal Rules of Bankruptcy Procedure, Rule 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647 (11th Cir.1986). Appellant is also entitled to an independent, *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Owen*, 86 B.R. 691 (M.D.Fla.1988).

## FACTS

In early June, 1992, Christian George Drehsen, ("Mr. Drehsen"/"Appellant"/"Debtor"), applied for a line of credit or revolving loan in the amount of $300,000.00 with the Bank of St. Petersburg, ("Appellee"/"BOSP"/"The Bank"). As part of his loan application, Debtor submitted to the Bank two Personal Financial Statements which were specifically addressed to two other banks: Sun Bank and First Union, and were dated February 24, 1992, and March 7, 1992, respectively. The statements were accompanied by an accountant's compilation report. This report, prepared by Debtor's certified public accountant, intended to reflect Debtor's financial condition as of March 7, 1992.

At the time Debtor submitted his financial statements to Sun Bank and First Union, he was a defendant in both a civil suit and a pending criminal case in Pinellas County.

Both legal actions arose from the same incident or occurrence involving Appellant and Anita K. Saunders. Appellant did not disclose the fact that he was a defendant in a pending criminal case in the loan application, and his Personal Financial Statement, and this fact was not disclosed in the compilation report of Appellant's C.P.A.

The Certified Public Accountant who prepared the compilation report attached to the loan request sent a letter of inquiry asking appellant's attorney to disclose "any contingent or pending claims that Anita K. Saunders has or may have against either Christian Drehsen or Christian Drehsen, M.D., P.A.". Steven Wein, the attorney who represented Mr. Drehsen in both the civil and criminal matters ("Mr. Wein"), responded in writing that "any and all such claims were amicably resolved among the parties." At that point in time, Appellant had reached a settlement agreement with Anita Saunders with regard to the civil proceeding. However, criminal charges were still pending. Mr. Wein's reply to the letter of inquiry did not address any criminal charges the State of Florida had against Mr. Drehsen.

On June 5, 1992, Appellant's application for the $300,000.00 line of credit or revolving loan was approved. As evidence of this transaction, Appellant executed a promissory note in favor of the Bank on June 12, 1992. On November 9, 1993, Appellant filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code.

On February 14, 1994, BOSP commenced an adversary proceeding against Appellant by filing and serving its Complaint objecting to discharge and Complaint to determine dischargeability of debt. The Complaint was composed of four counts, each premised upon four different provisions of the Bankruptcy Code.

On November 8, 1994, the Bankruptcy Court conducted a final evidentiary hearing ("FEH") on the matter. At the conclusion of Plaintiff BOSP's case, during the FHE, the Court dismissed Counts II and IV of the Complaint. The Bankruptcy Court took under advisement the two remaining counts, and on March 22, 1995 the Bankruptcy Court entered its Findings of Facts, Conclusions of

Law and Memorandum Opinion. The Court's Memorandum Opinion found in favor of the Defendant Drehsen as to Count I of the Complaint, and in favor of the Plaintiff as to Count III of the Complaint.

The claim in Count III of the Complaint is premised on 11 U.S.C. § 523(a)(2)(B), and alleges that in order to obtain a $300,000.00 loan or revolving line of credit from the bank, Debtor made a materially false statement in his loan application by failing to disclose that he was a defendant in a criminal action in Pinellas County, Florida. Therefore, the claim alleges that the specific debt involved should be excepted from discharge. Appellant appeals the Bankruptcy Court's Findings of Facts and Conclusions of Law in connection with Count III of the Complaint.

### *DISCUSSION*

■ Count III of the Complaint is based on 11 U.S.C. § 523(a)(2)(B), which provides in relevant portion as follows:

(a) A discharge under § 727 ... of this title does not discharge an individual debtor from any debt—

(2) for money ... to the extent obtained by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's ... financial condition;

(iii) on which the creditor to whom the debtor is liable for such money ... or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

As set out in the Memorandum Opinion of the Bankruptcy Court, the standard for a creditor to prevail under § 523(a)(2)(B) for use of a false financial statement was established in *In re Albanese,* 96 B.R. 376 (Bankr. M.D.Fla.1989). In that case, the Court held that in order for the creditor to prevail under this section, the creditor must establish that there was a false financial statement made, with actual intent to defraud, that the lender relied on the statement, and that the reliance was reasonable. The court also held that intent may be inferred from surrounding cir-

cumstances, and it is sufficient to show that a false representation on a financial statement was made with actual knowledge that it was incorrect, or made with reckless indifference and disregard of actual facts which were readily available. *Id.*

*ELEMENT # 1—STATEMENT IN WRIT-*
*ING THAT IS MATER-*
*IALLY FALSE:*

Appellant contends that he considered the criminal matter resolved prior to the time that he applied for the loan with the BOSP, and therefore both of the financial statements along with the compilation report as prepared were accurate. Appellant bases this belief on the fact that he was entering a pre-trial intervention program, and that he had accepted a two-year probation period beginning April 22, 1992, and extending through April of 1994.

However, at the evidentiary hearing, Defendant's attorney testified that as far as he was concerned, the criminal matter was still pending and would not be dismissed until the Defendant completed the two year program. Adjudication would be withheld and the charges would be dismissed only *if* the terms of the probation period were met, with the possibility of having the record sealed.

Appellee contends that Appellant failed to disclose the pending criminal charges, and that the Bank would not have granted the line of credit had the criminal charges been disclosed. At the final evidentiary hearing, the testimony of Ms. Petra Coover, a BOSP officer, established that the loan was approved based on the information contained in the financial statements and accountant's compilation report. Furthermore, Ms. Coover testified that BOSP would not have made the loan had it known that Appellant was involved in a criminal lawsuit.

It is undisputed that as part of his loan application, Appellant submitted to BOSP two Personal Financial Statements which were addressed to Sun Bank and First Union, and were dated February 24, 1992, and March 7, 1992, respectively. Both forms contained the question, "Are you a Defendant in any suits or legal actions?" In both instances, Appellant responded simply "sched-

ule", and provided no further explanation or answer to the question. Additionally, a compilation report, dated April 29, 1992, was attached to each Personal Financial Statement, and was submitted to BOSP as part of the application process in order to obtain the loan. This report also contained the question "Are you a Defendant in any suits or legal actions?" The answer given made no mention whatsoever of any "criminal charges the state may have against Christian Drehsen".

The evidence presented at the evidentiary hearing supports the finding that a materially false statement was made by Appellant. Appellant was asked in both the Personal Financial Statements, and the compilation report submitted to BOSP, if he was "a Defendant in any suits or legal actions?", and in both instances he failed to disclose his participation within the pre-trial intervention program. At the time that Appellant filled out both written reports, he was by definition "a Defendant in a legal action." As evidenced by his own testimony, Appellant clearly understood the terms and conditions of the program.

Appellant understood the fact that the criminal matter would be pending for two years, and would not be dismissed until Appellant completed the terms as set out in the two year probationary period. Adjudication of the matter would be withheld and the charges dismissed only *if* the terms of the probationary period were met.

Appellant's status as an accused in a criminal matter had not changed, and Appellant was under a duty to disclose the fact that he was a defendant in a pending criminal case in Pinellas County. Appellant's omission of his two year probationary period beginning April 22, 1992, in both of the personal financial statements, and the compilation report submitted to BOSP, constitutes a materially false statement within the definition of 11 U.S.C. § 523(a)(2)(B).

*ELEMENT # 2—RESPECTING THE*
*DEBTOR'S FINANCIAL*
*CONDITION:*

▇ Appellant asserts that the failure to disclose the pending criminal matter under

445

the circumstances of this case in no way impacted his financial condition, and the failure to disclose was not the proximate cause of the creditor's damages. Case law establishes that a creditor is required to prove that the alleged damage proximately resulted from the misrepresentation of fact in the financial statement. *In re Siriani,* 967 F.2d 302 (9th Cir.1992); *In re Adkins,* 102 B.R. 485 (Bankr.E.D.Va.1989). Appellee contends that the Bank would not have granted the line of credit had the criminal charges been disclosed, because they would have adversely affected Appellant's license to practice medicine, which would have impaired Appellant's earning capacity and ability to repay the loan.

The criminal charges brought against Appellant were false imprisonment, which is a third degree felony; a battery, which is a first degree misdemeanor; and trespass in a structure, which is a second degree misdemeanor. At the evidentiary hearing, the court took judicial notice of the potential punishment for the criminal charges against appellant which was the possibility of incarceration for a period of five years. There is no doubt that had Appellant failed to comply with the conditions set out in the pre-trial intervention program, Appellant's financial status would have been affected.

The fact that Appellant was a defendant in the criminal proceeding impacted his financial condition to the extent of his ability to work and generate income. The mere existence of the criminal charges which had been brought against Appellant would have adversely affected appellants' license to practice medicine. This would have impaired the debtor's earning capacity and his ability to repay the loan. A reasonable nexus does exist between the alleged false representation on the financial statement and the default under the loan. Therefore, this Court holds that Appellant's failure to disclose the pending criminal matter did have an impact on the Debtor's financial condition.

### ELEMENT # 3—REASONABLE CREDITOR RELIANCE:

Based on the record of the evidentiary hearing, the Court finds that BOSP relied on the financial statements delivered to it which were prepared by and on behalf of Appellant, and that it would not have granted the $300,-000.00 line of credit had the criminal proceedings been disclosed. At the final evidentiary hearing, Ms. Coover, a BOSP officer, unequivocally stated that had BOSP been advised of the pending criminal proceedings, it would not have approved the loan. Although BOSP requested that Appellant complete a BOSP financial statement form and certification of financial statement form, as Appellant points out, this was only done for the purpose of completing the BOSP loan file. It is evident from Ms. Coover's testimony that the Bank had all the necessary documents for purposes of evaluating the proposed loan prior to approving the loan. Therefore, this Court is satisfied that the bank reasonably relied on the written statements it received from appellant in extending credit to him.

### ELEMENT IV—INTENT TO DECEIVE:

The fourth element requires that the bank (or creditor) prove that the debtor had the requisite intent to deceive BOSP when it submitted the written financial documents. Appellant contends that he did not submit the written documents relating to his financial status with intent to deceive because he relied upon the professional advice and opinion of both his accountant and his attorney at the time, Steven Wein. In making a determination of intent with regards to § 523(a)(2)(B), it is sufficient to show that a false representation on a financial statement was made with actual knowledge that it was incorrect, or made with reckless indifference and disregard of actual facts which were readily available. *In re Albanese,* 96 B.R. 376, at 380 (Bankr.M.D.Fla.1989).

In this case, it is apparent that Appellant had actual knowledge that the financial statements as submitted to BOSP were incorrect. Appellant and his accountant dispute this by relying on the letter of inquiry made to appellant's attorney, Mr. Wein, regarding the disclosure of "any contingent or pending claims *that Anita K. Saunders has or may have* against either Christian Drehsen or Christian Drehsen, M.D., P.A.", to which Mr.

Wein responded that "any and all such claims were amicably resolved among the parties." However, the evidence clearly illustrates that the letter only addressed the civil matter, and not the criminal matter.

Both Mr. Wein and Appellant fully understood the fact that the criminal matter would be pending for two years, and that the charges would not be dismissed until Appellant completed the terms as set out in the two-year probationary period.

 Furthermore, Appellant fails to note that the ultimate responsibility for the omission of a material statement rests solely with the Debtor. As established in *In re Albanese*, 96 B.R. 376, the responsibility for the accuracy of a loan application rests with the Debtor, so that reliance by the Debtor on the accountant who prepared the loan applications may constitute reckless disregard of the truth if it is determined that material misrepresentations were made. *In re Albanese*, 96 B.R. 376, at 380, (Bankr.M.D.Fla. 1989). Although the Appellant attempted to rely on the accountant's failure to disclose the pending criminal charges, there was nothing that prohibited Appellant himself from disclosing the pending criminal charges. Appellant was responsible for preparing the loan application. The responsibility for the omission of a material statement rests solely with the appellant.

Mr. Drehsen was a Defendant in a pending criminal matter at the time that he submitted the financial statements to BOSP. Appellant had a duty to disclose his status to the bank. By not reporting his pending criminal matter, Appellant breached his duty to candidly disclose all such matters to BOSP. The record does support a finding that Appellant had the intent to deceive BOSP. Consequently, this court is satisfied that BOSP proved that Appellant had the requisite intent to deceive the Bank when it submitted the financial statements.

### FINDINGS RELATED TO LETTER:

 Finally, Appellant contends that the Bankruptcy Court erred when it entered judgment in favor of Plaintiff on Count III of the Complaint because the court's findings related to the letter from attorney Steven Wein (or Defendant's Exhibit No. 1) were clearly erroneous. The letter admitted into evidence referenced Anita Saunders. As Appellant points out, Ms. Saunders was not Dr. Drehsen's ex-wife, as the Bankruptcy Court found in the Memorandum Opinion.

This fact is not a material issue in the outcome of the case. This misunderstanding of a fact by the court is of no relevance to the outcome of the case, and did not have an important impact on the Bankruptcy Court's decision. This Court finds that in accordance with the Bankruptcy Court's Memorandum Opinion, BOSP did meet its burden of proof as to proving all four elements of 11 U.S.C. § 523(a)(2)(B). Therefore, this Court is satisfied that Appellant did submit a written statement that was materially false regarding his financial condition; that the Bank reasonably relied on the statements it received from Appellant in extending credit to him; and that Appellant intended to deceive the Bank when he made the written statements regarding his financial condition.

### CONCLUSION

This Court has carefully reviewed the Memorandum Opinion of Chief Bankruptcy Judge Alexander L. Paskay, and the briefs of both parties. Under the quoted standard of review, the Court concludes that the Findings of Fact of the Bankruptcy Court are not clearly erroneous. The Bankruptcy Court's conclusions of law are sound. Accordingly, it is

**ORDERED** that the Memorandum Opinion of the Bankruptcy Court be **affirmed** and the Clerk of the Court shall **dismiss** this case.

**DONE AND ORDERED.**