In re **MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION, INC., Debtor.**

The **CHASE MANHATTAN BANK, Appellant,**

v.

**MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION, INC., Appellee.**

No. 95–831–CIV–T–17E.

United States District Court, M.D. Florida, Tampa Division.

Nov. 22, 1995.

Malka Isaak, Tampa, FL, for Mandalay Shores Cooperative Housing Association, Inc.

Dennis Michael Campbell, Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, FL, for Chase Manhattan Bank.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from the Findings of Fact Upon Remand entered on February 10, 1995 by Chief Bankruptcy Judge Alexander L. Paskay in and for the United States Bankruptcy Court for the Middle District of Florida. The Bankruptcy Court found on remand from the Eleventh Circuit Court of Appeals that Appellant, The Chase Manhattan Bank ("Chase"), was not an innocent, disinterested stakeholder in regard to funds held by Chase relating to a pending Chapter 11 case filed by Appellee, Mandalay Shores Cooperative Housing Association, Inc. ("MSCHA").

Jurisdiction over appeals from the final judgments, orders and decrees of the Bankruptcy Court is vested in the Federal District Courts. 28 U.S.C. § 158(a). The issue on appeal is whether the Bankruptcy Court abused its discretion in denying Chase's Application for Attorney's Fees and Costs incurred in connection with an action in interpleader based on Findings of Fact that Chase was not merely an innocent disinterested stakeholder.

### I. Standard of Appellate Review

The District Court is bound by the Findings of Fact made by the Bankruptcy Court unless it determines them clearly erroneous. The burden is on the appellant to show that the Bankruptcy Court's factual findings are clearly erroneous. Federal Rules of Bankruptcy Procedure, Rule 8013; In re Downtown Properties, Ltd., 794 F.2d 647 (11th Cir.1986). A court abuses its discretion either by applying an improper legal standard or by basing an award on factual findings that are clearly erroneous. In re Mandalay Shores Cooperative Housing Association, Inc., 21 F.3d 380 (11th Cir.1994). It is axiomatic that an award of attorney's fees and costs in an interpleader action in bankruptcy is an equitable matter that lies within the sound discretion of the bankruptcy court. Id. Appellant is entitled to an independent, de novo review of all conclusions of law and the legal significance accorded to the facts. In re Owen, 86 B.R. 691 (M.D.Fla. 1988).

### II. Facts and Procedural History

The issues on appeal revolve around fees and costs incurred by Chase, relating to the third Chapter 11 petition filed by MSCHA, which was ultimately dismissed by Judge Paskay. MSCHA is a not-for-profit corporation formed on August 7, 1979 by the tenants of Mandalay Shores apartment complex in Clearwater Beach, Florida.

The primary asset of MSCHA's bankruptcy estate was a fund of approximately $938,-000.00 which was collected from the tenants of the Mandalay Shores complex, and deposited with Chase. The purpose of this collection of funds was to acquire ownership of the Mandalay Shores complex so that the tenants could operate it as a cooperative housing facility. The venture to purchase Mandalay Shores was unsuccessful, and a portion of the tenants demanded the return of their contributions. Another faction of tenants wanted to utilize the funds to purchase another complex. Several purchase attempts were made unsuccessfully.

On March 31, 1986, MSCHA filed its third Chapter 11 bankruptcy case, which remained pending for approximately four years. During this case, a Trustee was appointed by Judge Paskay and two collateral proceedings were brought, which related to the funds of the bankruptcy estate held by Chase. The first action was a class action brought by two tenants of Mandalay Shores as class representatives, seeking declaratory judgment from the United States District Court for the District of Columbia. The class asserted that the funds held by Chase represented the corpus of a charitable trust established by the tenants of Mandalay Shores and that the contributing tenants were the beneficiaries of that trust. This action was initially brought solely against Chase; however, the Complaint was later amended to add the Trustee of the MSCHA bankruptcy estate as a defendant. The District Court for the District of Columbia dismissed the action on December 12, 1989 for lack of subject matter jurisdiction.

The second action was filed by the Trustee against Chase in the Bankruptcy Court for turnover of the funds held by Chase pursuant to § 542 of the Bankruptcy Code. Chase filed an Answer, Affirmative Defenses, Counterclaim, and Third Party Complaint in response to the filing of the second action by the Trustee. Both parties filed motions for summary judgment, and on December 10, 1990, the Court entered an order granting the Trustee's motion, ordering Chase to turn the funds over to the Trustee, and granting Chase's motion discharging Chase in inter-

pleader once the funds were delivered to the Trustee. After turning the funds over to the Trustee on December 19, 1990, Chase filed its applications for attorney's fees and costs.

After the dismissal of the Chapter 11 case, Judge Paskay retained jurisdiction for the limited purpose of determining administrative expense claims. Judge Paskay entered an order on July 23, 1990 denying Chase's Application for Payment of Compensation and Reimbursement of Expenses and the Supplement to that Application. Judge Paskay based his denial on the theory that fees and costs of a bank in interpleader are a noncompensable cost of doing business. The Order denying Chase's fees and costs was appealed to this Court, where it was affirmed.

Subsequently, Chase appealed the affirmance to the Eleventh Circuit, where it was vacated and remanded to the Bankruptcy Court. The Eleventh Circuit held that Judge Paskay's cost of doing business standard was overly broad and constituted an abuse of discretion. *In re Mandalay Shores Cooperative Housing Association, Inc.*, 21 F.3d 380, 383 (11th Cir.1994). The Court further held that, because there were no factual findings in Judge Paskay's Order denying Chase's application for fees and costs, it was powerless to determine whether the Bankruptcy Court abused its discretion in declining Chase's Application. *Id.* at 384, n. 3. Consequently, the Eleventh Circuit remanded the case to the Bankruptcy Court for reconsideration of the fee Application.

On February 10, 1995, the Bankruptcy Court entered Findings of Fact Upon Remand which sustained the Trustee's Objection to the Applications, disapproved Chase's Application for $41,409.00 in fees and $3,549 in costs dated on March 29, 1990, and disapproved Chase's Supplement to Application dated April 30, 1990 in which Chase sought recovery of the fees on the additional basis of bad faith.

The Court later entered an Order Correcting Clerical Error in Findings of Fact Upon Remand on March 8, 1995, an Order on Chase Manhattan Bank's Verified Applications for Reimbursement of Attorney's Fees Incurred on Appeal and from April 1, 1990

through October 29, 1992 on April 4, 1995, and an Order Denying Motion for Rehearing or Reconsideration on April 24, 1995.

### III. Analysis

■ Appellant contends that the Bankruptcy Court, in its Findings of Fact Upon Remand, attempted to justify its prior ruling based on erroneous premises not supported by law. Appellant argues that Judge Paskay improperly applied the normal course of business standard, failed to consider extraordinary circumstances, improperly engaged in an analysis of whether Chase was an innocent and disinterested stakeholder although it was not directed by the Eleventh Circuit to do so, erroneously found that Chase was not an innocent and disinterested stakeholder, and improperly presumed that the fees and costs incurred in the Washington action were not reimbursable.

In the Findings of Fact Upon Remand, Judge Paskay set forth five factors which contributed to the Court's decision to disapprove Chase's fee application on remand. First, the Court held that an award of fees in this case would diminish the fund created by the contributing tenants. Second, the Court held that attorney's fees and related costs associated with interpleader actions are an ordinary component of Chase's business because Chase is a financial institution with extensive operations such that competing claims are a foreseeable and normal risk of accepting deposits and maintaining accounts for its customers.

Third, the Court found a basis in the record to conclude that Chase was not a wholly innocent or disinterested stakeholder, because Chase held the funds from 1979 to 1990, yet did not turn over the funds upon demand by the Trustee and questionably defended the District of Columbia action quite vigorously, even after the Trustee was joined as a defendant, and appeared to be the primary party in interest. It is notable that most of the attorney's fees sought to be recovered by Chase relate to that vigorous defense against a declaratory judgment action seeking a determination of the status of the funds held by Chase, as opposed to an action actually seeking an affirmative award against Chase. Further, the Court held that Chase's aggressive litigation in regard to the turnover action filed by the Trustee cast Chase in a more interested light.

Fourth, the Court found that the amount of fees requested by Chase were substantial, especially in light of the new fee Application filed by Chase seeking approximately $65,-000.00 in appellate attorney's fees, over and above the original request of approximately $45,000.00. Fifth, the Court found that Chase's involvement in litigation did not assist in the preservation of the bankruptcy estate. The basis for this finding was that the same result would likely have been accomplished absent active involvement by Chase. Based on these five factors, the Court found that an award of fees and costs to Chase was not appropriate.

The Court had a variety of grounds for its denial. The Court's finding that costs and fees associated with interpleader actions are an ordinary component of Chase's business was merely one of five factors the Court considered in making its decision to deny Chase's fee applications on remand. Appellant's contention that Judge Paskay failed to take into consideration the extraordinary circumstances of this case is without merit, as there is no indication in the record that Judge Paskay did not take into consideration all relevant circumstances amounting to an abuse of discretion.

Contrary to Appellant's third contention that the Eleventh Circuit did not direct Judge Paskay to analyze the issue of whether Chase was an innocent and disinterested stakeholder, the Eleventh Circuit specifically held that the Bankruptcy Court's holding was overly broad and that it failed "to acknowledge the potential that a bank may indeed be an innocent stakeholder entitled to attorney's fees." *In re Mandalay Shores Cooperative Housing Association, Inc.,* 21 F.3d 380, 383 (11th Cir.1994).

The Eleventh Circuit went on to point out in a footnote that the Court was "powerless to determine whether the Bankruptcy Court abused its discretion in declining Chase's application for fees" because there were no factual findings to review, and stated this as

another basis for the necessity for remand. *In re Mandalay Shores Cooperative Housing Association, Inc.,* 21 F.3d 380, 384, n. 3 (11th Cir.1994). Appellant's contention as to the impropriety of the Bankruptcy Court's analysis is unfounded.

██ Appellant does not meet its burden of proving the Bankruptcy Court's finding that Chase was not an innocent and disinterested stakeholder was an abuse of discretion. Further, under the standard "that an award of attorney's fees and costs in an interpleader action in bankruptcy is an equitable matter that lies within the sound discretion of the bankruptcy court", this Court does not find Judge Paskay abused its discretion in denying fees incurred in the Washington action. In light of the numerous findings of the Bankruptcy Court on remand supporting the denial of attorney's fees and costs, this Court affirms the Bankruptcy Court's decision.

## CONCLUSION

This Court has carefully reviewed the Findings of Fact Upon Remand of Judge Paskay, the briefs of both parties, and other relevant documentation. Under the quoted standard of review, the Court finds that the Findings of Fact of the Bankruptcy Court are not clearly erroneous so as to amount to an abuse of discretion. Accordingly, it is

**ORDERED** that the Findings of Fact Upon Remand, the Order Correcting Clerical Error in Findings of Fact Upon Remand, the Order on Chase Manhattan Bank's Verified Applications for Reimbursement of Attorney's Fees Incurred on Appeal and from April 1, 1990 Through October 29, 1992, and the Order Denying Motion for Rehearing or Reconsideration be **affirmed** and the Clerk of the Court shall **dismiss** this case. The Request for Oral Argument is **denied.**

**DONE and ORDERED.**