**In re Patrick L. PIERRE, Debtor.**

**Patrick L. PIERRE, Plaintiff,**

**v.**

**Robert A. WELFARE and Jacquelyn Welfare, Defendants.**

**Bankruptcy No. 92–13047–BKC–AJC. Adv. No. 95–0672–BKC–AJC–A.**

United States Bankruptcy Court, S.D. Florida.

Jan. 25, 1996.

928

Michael I. Rose, Miami, FL, for Defendants.

Michael Frank, N. Miami, FL, for Debtor.

### *ORDER DENYING PLAINTIFF'S MOTION TO COMPEL RELEASE OF FUNDS*

A. JAY CRISTOL, Chief Judge.

**THIS CAUSE** came on for hearing before the Court on January 2, 1996 upon the Plaintiff's Emergency Motion to Compel the Release of Funds, and having reviewed the Motion, heard argument of counsel, and being otherwise fully advised in the premises, the Court finds as follows:

Patrick Pierre ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 15, 1992. The case was converted to Chapter 7 on March 28, 1994, and the Debtor was discharged on August 8, 1994. Robert A. and Jacquelyn Welfare (the "Defendants") obtained a Judgment against the Debtor on April 29, 1991, which the Debtor failed to include in his Bankruptcy schedules. On or about April 25, 1995, the Debtor purchased a piece of real property located in Dade County, Florida. The property was sold by the Debtor on the same day to a third party, who is not a party to this action. At the time of the closing, the settlement agent, Broward Title Company, withheld a portion of the proceeds sufficient to satisfy the Defendants' Judgment lien.

On May 22, 1995, the instant adversary proceeding was commenced against the Defendants seeking to have the debt owed to them by the Debtor determined to be dischargeable. This Court determined that the Debt was dischargeable pursuant to 11 U.S.C. § 523 and issued a Summary Judgment accordingly on December 7, 1995. At the same time, this Court issued an order allowing the Defendants to amend their pleadings in order to seek relief pursuant to 11 U.S.C. § 727(d). The Defendants amended their pleadings by way of a Counter-Claim which is currently scheduled to be tried in February, 1996.

During the pendency of this action Broward Title Company indicated that its underwriter, Attorney's Title Insurance Fund, Inc., took the position that the bankruptcy discharge affected only the personal debt of the Debtor, and not an otherwise valid lien on real property. Accordingly, Broward Title Company notified the Plaintiff that it would release the escrowed monies to the Defendants in order to secure a Satisfaction of Judgment and clear title to the property. The Debtor then filed the instant Emergency Motion to Compel Release of Funds.

In Florida, a judgment becomes a lien on real property upon recordation of a certified copy thereof amongst the public records of the County wherein the property is located. Florida Statutes § 55.10. A bankruptcy discharge only relieves the debtor of personal responsibility for the debt, but does not automatically discharge the lien from the property. *Albritton v. General Portland Cement Co.*, 344 So.2d 574 (Fla.1977). In fact the Courts have uniformly held that a bankruptcy discharge has no effect upon a lien which survives the bankruptcy and remains enforceable to the extent permitted under state law. See *e.g. Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886); *In Re Owen*, 86 B.R. 691 (M.D.Fla.1988); *Barnett Bank v. Harris*, 421 So.2d 822 (Fla. 1st DCA 1982). In fact, § 524(a)(1) of the Code clearly states that:

> A discharge in a case under this title (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor . . .

This section has formed a common source of confusion. The quoted provision merely voids judgments to the extent that they are unsecured, liens pass through bankruptcy unaffected. Collier on Bankruptcy (15th ed.) ¶ 506.03 at pages 506–6 and 12; *In Re Sillani*, 9 B.R. 188 (S.D.Fla.1981); *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886).

Turning to the facts of the instant case. It is undisputed that the Defendants' judgment was never scheduled and, therefore, it was not discharged. However, pursuant to the automatic stay provisions of § 362, the Defendants were enjoined from any activity to enforce their judgment. The automatic stay as to the real property at issue in this case remains in effect until it is lifted, the case is closed, the case is dismissed, or until the Order of Discharge is entered.

Consequently, when the Order of Discharge is entered, any act to create or enforce a lien against property of the debtor would no longer be automatically stayed and the parties may pursue such actions. *In re Berry*, 11 B.R. 886, 888 (Bankr.W.D.Pa.1981).

This Court entered its Order of Discharge on August 8, 1994, and accordingly the stay was lifted. On April 25, 1995, post-petition, the Debtor acquired title to real property in Dade County, Florida. It did not become property of the estate. The debt owed to the Defendants had not been discharged because it was never scheduled. The Plaintiff did not have the judgment canceled of record as provided by Florida Statutes § 55.145[1]. Therefore, the Defendants' judgment lien attached instantly to the property.

The Plaintiff argues that the language of this Court's December 7, 1995 Summary Judgment, precludes the lien from attaching, since the Order provides that the debt was discharged as though it had been originally scheduled. The Court disagrees. The Court can retroactively discharge a personal liability, however, the Court cannot retroactively discharge a lien on property once it attaches to the property. If this had been a lien upon his homestead, the debtor could have it removed as impairing his homestead rights having attached subsequent to homesteading the property, regardless of whether he failed to properly schedule the debt.

In preparing his bankruptcy petition, the Debtor must disclose all of his financial affairs to his attorney. The attorney can only put the information provided to him into the petition. After his attorney has filled out the forms with the information provided by the Debtor, the Debtor must review the petition prior to signing it. At the end of the Debtor's petition, directly above his signature appears the following statement: "I declare under penalty of perjury that I have read the

---

1. Florida Statutes § 55.145 Discharge of judgments in bankruptcy.

   At any time after (1) year has elapsed since a bankrupt . . . was discharged from his debts, pursuant to the act of congress relating to bankruptcy, the bankrupt . . . may petition the court in which the judgment was rendered . . . for an order to cancel and discharge such judgment. . . . If it appears upon the hearing that the bankrupt . . . has been discharged from the payment of that judgment or of the debt upon which it was recovered, the court shall enter an order canceling and discharging said judgment. The order of cancellation and discharge shall have the same effect as a satisfaction of judgment.

foregoing summary and schedules, consisting of ___ sheets, and that they are true and correct to the best of my knowledge, information, and belief." In this case, the Debtor failed to provide his attorney with the necessary information. Then, the debtor failed to adequately review his schedules and notice the omission prior to signing his petition and schedules. The attorney did not err, the Debtor did.

If the debtor had properly filled out his schedules and reviewed them prior to signing "under penalty of perjury", the debt would have been discharged. However, he did not and the lien remained unaffected by the bankruptcy lying in wait like a snake waiting to bite the Debtor, and it did.

Accordingly based upon the foregoing analysis, it is

ORDERED and ADJUDGED:

1. That the Summary Judgment entered by this Court on December 7, 1995, did not retroactively discharge the Defendant's lien.

2. That the Debtor's Emergency Motion to Compel Release of Funds is denied.

DONE and ORDERED.