**In re Columbus J. SOUTHERLAND, Jr., Debtor.**

**Columbus J. SOUTHERLAND, Jr., Appellant,**

**v.**

**Richard F. OTONICAR, et al., Appellees.**

**No. 96–1249–CIV–T–17C.**

United States District Court, M.D. Florida, Tampa Division.

Oct. 9, 1996.

Richard F. Otonicar, Atlanta, GA, pro se.

William D. Smith, Nocross, Ga, pro se.

Mark James Bernet, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, FL, for Mildred C. Mullinax, W. Hayes Pickett, William G. Hasty.

Edmund A. Waller, Gainesville, GA, pro se.

Emily Sherwinter, Atlanta, GA, pro se.

Louis Joseph Shaheen, Jr., Tampa, FL, for Marion T. Pope, State of Georgia.

James Keegan, Troy & Nichols, Coral Gables, FL, pro se.

Steven A. Nisbet, U.S. Attorney's Office, M.D. of Florida, Tampa, FL, for Thomas E. Baynes, Jr., C. Timothy Corcoran, III, United States.

Laurie K. Weatherford, Maguire, Voorhis & Wells, P.A., Orlando, FL, for Georgia Marble Corporation.

John David Emmanuel, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Ann S. Laird.

Stephen Lee Meininger, Meininger & Meininger, P.A., Tampa, FL, Allan C. Watkins, Watkins Law Firm, P.A., Tampa, FL, for Larry S. Hyman.

Bobby C. Milam, Tampa, FL, pro se.

Charles C. Papy, Jr., Papy, Weissenborn & Papy, Coral Gables, FL, for Edward L. Hartness.

### APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA ORDER ON APPEAL

KOVACHEVICH, Chief Judge.

This cause is before the Court on appeal from Order, entered May 9, 1996, dismissing Adversary Proceedings in the Bankruptcy Court below pursuant to 28 U.S.C. Section 158(a).

### STANDARD OF REVIEW

This Court functions as an appellate court in reviewing a bankruptcy court's decision. 28 U.S.C. Section 158(a), (c). Findings of fact by the Bankruptcy Judge shall be upheld on appeal unless found to be clearly erroneous. Bankruptcy Rule 8013; *In re Downtown Properties Ltd.*, 794 F.2d 647 (11th Cir.1986). A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. U.S. Gypsum*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Appellants are entitled to an independent, *de novo* review of all conclusions of law and the legal significance accorded to the

facts. *In re Owen*, 86 B.R. 691 (M.D.Fla. 1988).

### FACTS

On October 12, 1994, Columbus J. Southerland, Jr. ("Appellant") filed a voluntary petition for relief under Chapter 13 of Title 11, United States Code, in the Bankruptcy Court for the Middle District of Florida, Tampa Division, Case No. 94–9786–8B7. On November 11, 1994, Appellant filed an adversary proceeding, No. 94–690, entitled "Complaint and Action for Civil Rights Deprivation." The adversary proceeding named, *inter alia*, Appellees, Bobby C. Milam, Marion T. Pope, the State of Georgia, and Judge Thomas Baynes as defendants. The Complaint failed to allege whether the adversary proceeding was core or non-core, and if non-core, whether the pleader had consented to final orders or judgment being entered by the Bankruptcy Judge. The adversary proceeding was reassigned to Judge C. Timothy Corcoran on November 9, 1994.

On November 29, 1994, Appellant voluntarily converted the Chapter 13 case to a Chapter 7 case. Appellee Georgia Marble Corporation filed an adversary proceeding, No. 95–151, after Appellant converted his case, to determine the dischargeability of debt owed to it by Appellant. The allegations were based on willful and malicious prosecution. The Trustee, Larry Hymen ("Trustee"), sought to abandon the cause of action raised in adversary proceeding No. 94–690. Appellant objected to the abandonment. Trustee then sought to compromise the action, and dismiss the adversary proceeding with prejudice. A hearing was set for this compromise. In response to Trustee's compromise, Appellant filed a counterclaim against Trustee and Judge Corcoran. The case was then reassigned to Judge Paul M. Glenn.

Thereafter, Appellant filed a motion to dismiss the Chapter 7 case. At the hearing held on May 9, 1996, the Bankruptcy Court entered its order granting Appellant's motion to dismiss the Chapter 7 case. Subsequently, the Bankruptcy Court ordered the dismissal of all pending adversary proceedings.

Appellant objected to the dismissal of the adversary hearings, and appealed the order dismissing them.[1]

### DISCUSSION

The only issue raised by Appellant on appeal is "Whether Bankruptcy Judge had authority to dismiss a civil rights action and to issue final orders over objection of the parties in other non-core actions." Appellant contends that the United States Bankruptcy Court did not have jurisdiction, pursuant to 28 U.S.C. Section 157, to dismiss a civil rights case reserved exclusively for the District Court. The Court finds Appellant's contention to be without merit.

■ The Bankruptcy Judge has jurisdiction to hear a "proceeding that is not a core proceeding but that is otherwise related to the case under Title 11 ..." 28 U.S.C. Section 157(c)(1). Whether a matter is "related to" a bankruptcy proceeding within the meaning of the jurisdictional statute depends on "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Matter of Wood,* 825 F.2d 90, 93 (5th Cir. 1984). In a related non-core proceeding, the Bankruptcy Judge generally must prepare proposed findings of fact and conclusions of law for the District Court pursuant to 28 U.S.C. Section 157(c)(1). This Court must then review the Bankruptcy Court's proposed findings *de novo. Mann v. Alexander Dawson, Inc. (In re Mann),* 907 F.2d 923, 926 (9th Cir.1990). When all of the parties consent to the Bankruptcy's Court's jurisdiction in a related non-core proceeding, the District Court reviews the proposed findings of fact for clear error.

■ Appellant consented to the Bankruptcy Court's jurisdiction. Appellant invoked the Bankruptcy Court's jurisdiction by filing a bankruptcy petition; absent that filing, the Bankruptcy Court would not have had the power to decide the rights of any of the parties. *Fidelity & Deposit Co. of Maryland v. Morris,* 950 F.2d 1531, 1535 (11th Cir. 1992). Appellant choose to file his adversary proceeding and the counterclaim in the forum of the Bankruptcy Court. Appellant's complaint failed to allege, pursuant to Federal Rule of Bankruptcy Procedure 7008, whether the adversary proceeding was core or non-core, and if non-core, whether the pleader did or did not consent to the entry of final orders or judgement by the Bankruptcy Judge. Appellant never objected to the Bankruptcy Court's jurisdiction as to any of the adversary proceedings prior to the time it rendered its judgement. Although silence does not imply consent, affirmatively invoking the jurisdiction of the Bankruptcy Court, certainly does supply the necessary consent. *Horwitz v. Alloy Automotive Co.,* 992 F.2d 100, 103 (7th Cir.1993). The Court finds that Appellant consented to the Bankruptcy Court's jurisdiction.

■ Although 11 U.S.C. § 349 gives the Bankruptcy Court the power to alter the normal effects of the dismissal of a bankruptcy case, if cause is shown, the general rule is that dismissal of the bankruptcy case usually results in dismissal of all remaining adversary proceedings. *See Morris,* supra. The decision of whether to retain jurisdiction over an adversary proceeding should be left to the sound discretion of the Bankruptcy Court or the District Court, depending on where the adversary proceeding is pending. It is the discretion of this Court that the Bankruptcy Judge below did not err by entering a final order dismissing the adversary proceedings. Accordingly it is

---

1. Bankruptcy Rule of Civil Procedure 9011 states that in every petition, pleading, motion and other paper served or filed in a case under the Code, "the signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnec-

essary delay or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee."

**ORDERED** that the order of the Bankruptcy Court be **affirmed** and the cause of this action be **dismissed.**